UNITED STATES DISTRICT COURT
DISTRICT ON CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | 3:18-CR-00095(SRU) |
| v. | : | |
| | : | |
| YEHUDI MANZANO | : | October 1, 2018 |

**MOTION TO PERMIT COUNSEL TO ARGUE JURY NULLIFICATION**

The instant case began as a state-court prosecution of a claim of statutory rape. The defendant is an adult; at the time of the sexual contact giving rise to the prosecution, the complaining witness was fifteen years old at the time of the sexual contact. But for her age, the contact was consensual.

In the course of the investigation of the underlying state-court case, investigators became aware that the defendant had filmed a sexual encounter between himself and the minor on his mobile telephone. There is no claim that he ever distributed this film. But for the fact that his telephone was seized pursuant to a warrant, no one would ever have had access to the film.

State-court prosecutors alerted federal authorities to the existence of the film. Mr. Manzano now stands charged with a federal offense carrying a mandatory minimum prison sentence of 15 years, and a maximum sentence of 30 years. He is not charged with distributing child pornography. He is charged with producing child pornography.

The defendant seeks permission to make the jury aware of the penalty, and to argue that Government's application of the law to the particular facts of this case is an obscene miscarriage of justice. While the Government may well be able to prove the elements of the offense, the conduct at issue here, while perhaps not innocent, is in no way so sinister as to warrant such a penalty. Indeed, an argument could be made that

the filming of consensual conduct without the intention to distribute is not the sort of conduct Congress sought to proscribe.

No case explicitly bars counsel from arguing jury nullification, although the practice is almost routinely and uniformly proscribed.  The last time, and only time, the United States Supreme Court ruled on the topic, the Court did not explicitly prohibit such arguments. In *Sparf v. United States*, 156 U.S. 51 (1895), the Court held in a 5-4 decision that a trial judge has no responsibility to inform the jury that it has the right to nullify the law. Put another way, a defendant has no right to a jury instruction that jurors are free to disregard the law. In dicta, *Sparf* noted that it is the jury's duty to follow the law. While it is the duty of a jury to apply the law as given to the facts of a case; the case does not address whether counsel can ask jurors conscientiously to disregard the law when the Government insists that it be applied in a manifestly unjust manner.

The defendant here contends that his Sixth Amendment right to present a defense requires that, given the particular facts and circumstances of this case, his counsel be permitted both to inform the jury of the consequences of a conviction, and to argue to the jury that the law as applied in the particular facts of this case is not simply unwise, but ludicrous, unjust, and an fundamentally unfair. Should there be a conviction, he will raise his cruel and unusual punishment claim arising under the Eighth Amendment.

                                      THE DEFENDANT

                                      By__/S/__NORM PATTIS /S/_____
                                            NORMAN A. PATTIS
                                            383 Orange Street, Front
                                            New Haven, Ct  06511
                                            203.393.3017
                                            203.393.9745 (fax)
                                            ct 13120
                                            npattis@pattislaw.com

## **CERTIFICATION**

      This is to certify that on October 1, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent, via e-mail, to all parties by operation of the Court's electronic filing system, and the undersigned did cause to be sent, via First Class U.S. mail, postage prepaid, a copy of the foregoing to all counsel and pro se parties that do not have access to the Court's electronic filing system and to whom the court directs the undersigned to send a hard copy via mail. Parties may access this filing through the Court's system.

      /s/ NORMAN A. PATTIS /s