UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:18-cr-095 (SRU) |
| | : | |
| v. | : | |
| | : | |
| YEHUDI MANZANO | : | October 9, 2018 |

### GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

Pursuant to Rule 24(a)(2)(B) of the Federal Rules of Criminal Procedure, the Government respectfully submits the following questions for the Court to ask prospective jurors during jury selection:

1. The trial in this matter will start on Monday, October 29th, and is expected to last approximately three days. Other than what you have previously reported, do you have a conflict with these dates such as a pre-paid vacation or scheduled medical appointment?

2. Do you, a member of your family, or a close friend know the prosecutors in this case, Assistant United States Attorney Sarah P. Karwan and Neeraj N. Patel?

3. Do you know anyone professionally or socially working at the United States Attorney's Office for the District of Connecticut located in Hartford, New Haven and Bridgeport?

   [Government counsel will read to the jury panel the names of the United States Attorney and Assistant United States Attorneys in this Office and/or provide the list to the Court to read.]

4. Do you know Special Agent Amy Noto of the Federal Bureau of Investigation?

5. Do you know the defendant Yehudi Manzano?

6. Mr. Manzano is represented by Attorney Norman Pattis. Do you know Attorney Pattis or any employees of his law firm?

7. Do you know any of the following persons who may be called as witnesses during the trial?

[Government counsel will read the potential witness names to the jury panel and/or provide the list to the Court to read.][1]

8. Has anyone read, seen, or heard any news accounts of this prosecution, or spoken to anyone about this case? If so, have you formed an opinion to a degree that you could not be a fair and impartial juror and deliberate solely on the evidence presented at trial?

9. This case involves law enforcement personnel from the Federal Bureau of Investigation and the Waterbury Police Department.

    a. Do you know anyone professionally or socially from either of those agencies?

    b. Have you or any of your relatives or close friends ever had any unfavorable dealings or involvement with the either of those agencies? If so, would that make it difficult for you to serve as a fair and impartial juror in this case?

10. Would you tend to excuse or overlook a criminal offense if you believed it was committed for motives, reasons, or purposes with which you are sympathetic?

11. Your duty, as jurors, is to judge guilt or innocence based on the evidence. It is my duty as the judge to determine punishment if you vote guilty. The law does not permit you to consider the issue of punishment because there are other factors that have nothing to do with this trial that will determine the sentence a defendant receives. Would you vote "Not Guilty" no matter

---

[1] One of the witnesses in this case is the victim of the alleged child pornography charged in the Indictment. She is a minor. 18 U.S.C. § 3509(d)(1) requires the Court "to keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access." In order to prevent the public disclosure of the identity of the minor victim in the transcript, the Government proposes that the Court seal the portion of the transcript that mentions the name of the minor victim. *See* 18 U.S.C. § 3509(d)(2).

what the evidence indicates, merely because this crime may result in a prison sentence even though you do not know whether it will or not?

*Questions 12 to 16 deal with child pornography and child sex abuse. Due to the sensitive nature of this line of questioning, the United States would ask that the Court give any member of the jury panel who would prefer to speak privately regarding any personal history related to these questions the opportunity to do so at the bench.*

12. The defendant is charged with one count of producing of child pornography, that is a video of a person under 18 years of age engaged in sexually explicit conduct, and one count of transporting child pornography. Is there anything about these charges that would make it difficult for you to serve as a juror and be fair and impartial?

13. Part of the evidence will be a video of the alleged child pornography. It is a video of a female under the age of 18 engaged in sexual intercourse with an adult male. This video may be distasteful, offensive, and unpleasant to view. However, the prospect of having to see distasteful, offensive or unpleasant evidence is not a basis to avoid the responsibility of jury service. Many cases involve unpleasant things. If we excused prospective jurors on the ground that jury duty makes demands – including some unpleasant demands – then the federal criminal justice system could not function. Moreover, the government and the defendant have the right to expect that prospective jurors will not seek to avoid jury service simply because they would rather not serve, or because they would like to avoid some unpleasantness. Having said that, is there anyone who honestly believes there is some compelling reason why he or she could not be an impartial juror – that is to consider all of the evidence and follow the law – simply because a video depicting alleged child pornography will be presented as evidence in the trial?

14. Have you, any member of your family, or any close friend or relative ever been accused, fairly or unfairly, of any conduct involving child pornography or child sexual abuse?

15. Are you opposed to current federal or state laws that prohibit child pornography or prohibit sexual relations between adults and minors?

16. Do you think you will have difficulty discussing sexual matters openly with your fellow jurors?

17. You previously submitted answers to a jury questionnaire on September 24, 2018. Have any of your answers to those questions materially changed?

18. Are there any other reasons why you believe you could not fairly and impartially serve as a juror?

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT   06510
Tel.:   (203) 821-3700 / Fax: (203) 773-5376
Email: neeraj.patel@usdoj.gov

*/s/ Sarah P. Karwan*
SARAH P. KARWAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct22911
157 Church Street, 25th Floor
New Haven, CT   06510
Tel.:   (203) 821-3700 / Fax: (203) 773-5376
Email: sarah.p.karwan@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 9, 2018, a copy of the foregoing Government's Proposed Voir Dire was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      */s/ Neeraj N. Patel*
      Neeraj N. Patel
      Assistant United States Attorney