UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:18-cr-095 (SRU) |
| | : | |
| v. | : | |
| | : | |
| YEHUDI MANZANO | : | October 11, 2018 |

**GOVERNMENT'S MEMORANDUM IN IN OPPOSITION TO DEFENDANT'S MOTION TO PERMIT COUNSEL TO ARGUE JURY NULLIFICATION**

The Government respectfully submits this memorandum in opposition to the Defendant's Motion to Permit Counsel to Argue Jury Nullification (ECF No. 30). In his motion, the defendant seeks permission to argue to the jury that even if the Government satisfies the elements of the crime, convicting the defendant in this particular case would be a miscarriage of justice. He further requests permission to inform the jury of the sentencing consequences of a conviction. However, it is well-settled that jury nullification is a violation of a juror's sworn duty to follow the law and trial courts have the duty to forestall and prevent jury nullification. Similarly, a defendant has no right to introduce evidence or argument regarding sentencing consequences, as such argument only invites jury nullification. Accordingly, the defendant's motion must be denied.

**I.    BACKGROUND**

The two-count Indictment in this case charges the defendant with production of child pornography and transportation of child pornography. The indictment alleges that the defendant produced a video of child pornography depicting the defendant engaging in sexually explicit conduct with a then-15-year old female and then uploaded that video to his Google account. Jury Selection is scheduled for October 12, 2018, and trial is scheduled to begin on October 29, 2018.[1]

---

[1] There is a related criminal case in Connecticut Superior Court charging the defendant with various state offenses in connection with the defendant's conduct with the victim in this case.

## II.     DISCUSSION

### A. Applicable Law

#### 1. Jury Nullification

It is well settled that "the power of juries to 'nullify' or exercise a power of lenity is just that—a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent." *United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997). "Inasmuch as no juror has a right to engage in nullification—and, on the contrary, it is a violation of a juror's sworn duty to follow the law as instructed by the court—*trial courts have the duty to forestall or prevent such conduct*[.]" *Id.* at 616 (emphasis added).

A court's duty to prevent nullification extends to the preclusion of evidence or arguments that may invite it. *See United States v. Castro*, 411 Fed. Appx. 415, 420 (2d Cir. 2011) (unpublished) (precluding, as an invitation to nullification, evidence by the defendant that he was previously convicted of a related state crime); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("neither the court nor counsel should encourage jurors to" nullify); *United States v. Trujilla*, 714 F.2d 102, 106 (11th Cir. 1983) (holding that defense counsel is not permitted to argue that the jury should nullify); *United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975) (affirming the district court's refusal to admit evidence bearing no legal relation to the charges but which might encourage a "conscience verdict" of acquittal and noting that nullification "undermines the very basis of our system"), *supplemented by* 536 F.2d 410 (D.C. Cir. 1976); *United States v. Reese*, 933 F. Supp. 2d 579, 583-84 (S.D.N.Y. 2013) ("[T]he Court will not permit Reese to advance arguments aimed a jury nullification, and will issue an appropriate instruction to the jurors on this topic.").

### 2. Sentencing Consequences

It is also "well established" that the jury in a criminal case ordinarily "should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). As the Supreme Court has explained, "[t]he principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury." *Id.* While "[t]he jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged," it is the court—and the court alone—that "imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.*; *see also* Sand et al., Modern Federal Jury Instructions--Criminal, Instr. 9-1 ("The duty of imposing sentence rests exclusively upon the court. [The jury's] function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.").[2]

Thus, jurors are routinely instructed that they "cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence [their] verdict, in any way, or, in any sense, enter into [their] deliberations." *Id.* In light of the fundamental "principle that juries are not to be concerned with the consequences of their verdicts," it follows that any "[i]nformation regarding the consequences of a verdict" generally is "irrelevant to the jury's task." *Shannon*, 512 U.S. at 579, 584 n.9. As the Supreme Court has recognized, "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.* at 579.

---

[2] Juries may be given sentencing responsibilities in certain cases, such as capital trials. *Shannon*, 512 U.S. at 579 n.4. There is no comparable assignment of the sentencing function to the jury in this case.

Thus, a defendant "ha[s] no legal right to a charge informing the jury of the sentencing consequences of its decisions." *United States v. Pabon-Cruz*, 391 F.3d 86, 94 (2d Cir. 2004). Likewise, a defendant "has no legal right to introduce evidence or argument regarding sentencing consequences." *United States v. Feuer*, 403 F. App'x 538, 540 (2d Cir. 2010); *see United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997) (holding that district court correctly refused to permit defendant to argue about the severity of his possible punishment); *United States v. DiMarzo*, 80 F.3d 656, 660 (1st Cir. 1996) (district court "soundly excluded" evidence of a potentially harsh sentence because such evidence "would have necessitated an unwarranted departure from the fundamental division of responsibilities between judge and jury").

To be sure, courts have recognized that informing the jury of the consequences of a guilty verdict may be permitted "under certain limited circumstances." *Shannon*, 512 U.S. at 587. This exception is limited to circumstances where the jury "has been affirmatively misled by counsel or a witness" about such consequences, and it is necessary to instruct the jury "'to counter such a misstatement.'" *Pabon-Cruz*, 391 F.3d at 95 (quoting *Shannon*, 512 U.S. at 587); *see also Polouizzi*, 564 F.3d at 162 (exception limited to situations where "the jury's attention already has been drawn [to the consequences of a verdict] in an unfair and misleading way"). Absent a necessity to correct any misstatements to the jury, courts must deny any requests to inform the jury about the sentencing consequences. *See Pabon-Cruz*, 391 F.3d at 95.

**B. The Defendant's Motion Should Be Denied**

The defendant's request to argue jury nullification and inform the jury about the sentencing consequences is prohibited under well-settled law. *See, e.g., Thomas*, 116 F.3d at 616 (stating that "trial courts have the duty to forestall or prevent" jury nullification); *Feuer*, 403 F. App'x at 540 (stating that the defendant "has no legal right to introduce evidence or argument regarding sentencing consequences").

The defendant argues that he should be permitted to argue for jury nullification because, in his view, this prosecution is unjust. *See* Def.'s Mot at 1-2. He claims that although the victim in this case was 15 years old at the time of the offense, the contact was consensual. *Id.* He argues that Congress did not intend the production of child pornography statute to proscribe his offense conduct—that is a 31-year old man filming himself engaging sex with a 15-year old girl—because the girl was a willing participant and he did not distribute the video. *Id.*

Putting aside that the defendant has no right to make a jury nullification argument under the law, permitting the defendant to make such an argument would turn this trial into a sideshow on Congress's intent and legislative history, with both sides presenting evidence from the Congressional record, including committee hearings and speeches from members of Congress. Discerning Congress's intent in enacting a statute is not a matter for the jury in a criminal case. If the defendant does not believe Congress intended to proscribe the defendant's conduct, then he should file a motion to dismiss, a motion for acquittal after trial, or raise the issue on appeal.

In any event, the defendant's contentions about the nature of his relationship with the victim or Congress's intent are without merit. As the defendant acknowledges, the victim was 15-years old when the defendant had sex with her. Under Connecticut law, she could not legally consent to such conduct. *See* Connecticut General Statute § 53a-71(a)(1) (prohibiting a person

from engaging in sexual intercourse with another person where "such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person."); *Santapaola v. Ashcroft*, 249 F. Supp. 2d 181, 195 (D. Conn. 2003) (noting that the age of consent to engage in sexual activity in Connecticut is 16 years of age).

Moreover, under the federal production of child pornography statute, 18 U.S.C. § 2251(a), the victim's consent is not a defense to the charge of production of child pornography. *See, e.g.*, *United States v. Sibley*, No. 15-4232, 2017 WL 900112, at \*4 (6th Cir. Mar. 7, 2017) (minor victim's consent irrelevant to whether defendant violated § 2251(a)); *United States v. Raplinger*, 555 F.3d 687, 692 (8th Cir. 2009) ("the district court was correct as a matter of law that consent is not a defense to the crimes charged, [and] it was not an abuse of discretion to exclude the consent evidence."); *United States v. Griffith*, No. 99CR786(HB), 2000 WL 1253265, at \*18 (S.D.N.Y. Sept. 5, 2000) ("[18 U.S.C. § 2251] by its plain terms eliminates consent as a defense.").

Indeed, courts have rejected defense claims that the production of child pornography statute does not apply to consensual relationships or cases where the defendant did not distribute the child pornography the defendant produced. *See Ortiz-Graulau v. United States*, 756 F.3d 12 (1st Cir. 2014) ("The taking of sexually explicit photographs within a lawful, consensual relationship between an adult and a minor was not constitutionally protected conduct, and thus was not immune from regulation by federal child pornography laws."); *cf. United States v. Holston*, 343 F.3d 83, 91 (2d Cir. 2003) ("As we are satisfied that § 2251(a) lies within Congress's powers under the Commerce Clause, the fact that Holston neither shipped the materials interstate nor intended to benefit commercially from his conduct is of no moment.").

---

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the defendant's motion to argue jury nullification be denied, and that the defendant's counsel be precluded, through a jury address, witness examination, or offer of evidence, from informing the jury about the sentencing consequences or suggesting to the jury that they may acquit if they find the Government's prosecution or the sentencing consequences are unjust.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT   06510
Tel.:   (203) 821-3700 / Fax: (203) 773-5376
Email:  neeraj.patel@usdoj.gov


*/s/ Sarah P. Karwan*
SARAH P. KARWAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct22911
157 Church Street, 25th Floor
New Haven, CT   06510
Tel.:   (203) 821-3700 / Fax: (203) 773-5376
Email:  sarah.p.karwan@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2018, a copy of the foregoing Government's Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

  */s/ Neeraj N. Patel*
  Neeraj N. Patel
  Assistant United States Attorney