UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:18-cr-095 (SRU) |
| | : | |
| v. | : | |
| | : | |
| YEHUDI MANZANO | : | October 22, 2018 |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The Government respectfully submits the attached proposed jury instructions for use in connection with the trial in the above-captioned case.  Unless otherwise noted, the general instructions, instructions for deliberations, and instructions for closing arguments are derived principally from the instructions given by the Court in the recent trial *United States v. Connerton*, 3:17-cr-47(SRU).  The instructions regarding the specific issues and elements of the charged offenses in Mr. Manzano's case are derived principally from Leonard B. Sand, et al., *Modern Federal Jury Instructions* (2018) (hereinafter "Sand").  Relevant citations are included within the text.  The Government respectfully requests permission to supplement these proposed instructions as necessary during the course of trial.


Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:   (203) 821-3700 / Fax: (203) 773-5376
Email: neeraj.patel@usdoj.gov

*/s/ Sarah P. Karwan*          
SARAH P. KARWAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct22911
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:    (203) 821-3700 / Fax: (203) 773-5376
Email: sarah.p.karwan@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on October 22, 2018, a copy of the foregoing Government's Proposed Jury Instructions was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Neeraj N. Patel*          
Neeraj N. Patel
Assistant United States Attorney

# Table of Contents

INTRODUCTION ................................................................................................................ 5

I.  SECTION I: GENERAL INSTRUCTIONS ................................................................ 6

   A.  Role of the Court ................................................................................................... 6

   B.  Instructions to be Considered as a Whole ............................................................ 6

   C.  Both Sides Entitled to a Full and Fair Hearing ................................................... 7

   D.  Objections and Rulings ........................................................................................ 7

   E.  Duties of the Jury ................................................................................................. 8

   F.  Outside Information ............................................................................................. 8

   G.  Government Treated Like Any Other Party ........................................................ 9

   H.  Burden of Proof and Presumption of Innocence ............................................... 9

      1.  Presumption of Innocence ............................................................................ 9

      2.  Burden of Proof on the Government ........................................................... 10

      3.  Proof Beyond a Reasonable Doubt ............................................................ 10

   I.  "Prove," "Find," and "Establish" ...................................................................... 12

   J.  "Offense," "Charge," and "Count" .................................................................... 12

II.  SECTION II: ISSUES IN THIS CASE ...................................................................... 13

   A.  Charges Are Not Evidence ................................................................................ 13

   B.  Multiple Counts ................................................................................................. 13

   C.  Definition of "Knowingly" and "Intentionally" ............................................... 14

   D.  "On or About" .................................................................................................... 14

III.  SECTION III: ELEMENTS OF THE CHARGED OFFENSES ............................... 15

   A.  Count One – Production of Child Pornography .................................................. 15

      1.  First Element – Age of Minor ..................................................................... 16

      2.  Second Element - Use of Minor in Sexually Explicit Conduct.................. 16

      3.  Third Element – Effect on Interstate Commerce ....................................... 18

   B.  Count Two – Transportation of Child Pornography .......................................... 21

      1.  First Element – Transporting ...................................................................... 22

      2.  Second Element – Effect of Interstate Commerce ..................................... 23

      3.  Third Element – Visual Depiction was Child Pornography......................... 23

      4.  Fourth Element – Defendant Acted Knowingly.......................................... 24

   C.  Closing Instructions for Charged Offenses ....................................................... 25

IV.  INSTRUCTIONS FOR DELIBERATIONS .............................................................. 26

   A.  Evidence ............................................................................................................. 26

1. Three Forms of Evidence .......................................................................... 26
2. What Is and What Is Not Evidence ........................................................... 26
3. Direct and Circumstantial Evidence ......................................................... 27
4. Definition of "Inference" ......................................................................... 28
5. Stipulation of Fact **[If applicable]** ......................................................... 29
6. Stipulation of Testimony **[If applicable]** ................................................ 30

B. Witnesses ...................................................................................................... 30
1. Defendant's Right Not to Testify **[If applicable]** ................................... 30
2. Defendant's Testimony **[If applicable]** .................................................. 30
3. Witness Credibility—Generally ............................................................... 31
4. Impeachment of a Witness ........................................................................ 32
5. Prior Felony Conviction **[If applicable]** ................................................ 33
6. Interest in Outcome .................................................................................. 33
7. Opinion of Defendant's Character **[If applicable]** ................................ 33
8. Law Enforcement Witnesses ..................................................................... 34
9. Expert Witnesses **[If applicable]** .......................................................... 35
10. Uncalled Witness Equally Available or Unavailable .............................. 35

C. Uncontradicted Testimony ............................................................................ 36
D. Admissions of the Defendant ........................................................................ 36
E. Recordings and Transcripts ........................................................................... 37
F. Summary Charts (Admitted as Evidence) **[If applicable]** ........................ 37
G. Summary Charts (Not Admitted as Evidence) **[If applicable]** ................. 38
H. Specific Investigative Techniques Not Required .......................................... 38
I. The Jury Is Not to Consider Punishment ...................................................... 39
J. Deliberations ................................................................................................. 39
1. Note Taking .............................................................................................. 39
2. Jury Bias ................................................................................................... 39

V. CLOSING ARGUMENTS ................................................................................ 41
A. Lawyers' Arguments Are Not Evidence ....................................................... 41

VI. CONCLUSION .................................................................................................. 42

**INTRODUCTION**

Members of the jury, you now have heard all of the evidence. At this point, I am going to instruct you regarding the law that applies to this case. At the outset, I want to express my thanks to you for the time and energy you have devoted to this trial. Jury service is rarely convenient, but without you, justice could not be done in this case.

It will take some time for me to read these instructions to you but it is important that you listen carefully to them. You have been provided with a copy of my instructions so that you can read along as we go. Please feel free to write on those copies—you will be permitted to take them into the jury room with you.

My instructions will be in three parts: First, I will discuss general rules concerning the role of the court and the duty of the jury in a criminal case; second, I will go over the issues in this case and set out the specific questions of fact that you must answer based on the evidence at trial; and third, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that was placed on your seats—namely, the verdict form. After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate. You will have with you the following: the original of the verdict form, the exhibits, the original and your copies of these instructions, and any personal notes that you may have taken. At the conclusion of your deliberations, you will use the verdict form to report your verdict to the court and the parties.

**I.**   **SECTION I: GENERAL INSTRUCTIONS**

Throughout these instructions, when I say "the government," I am referring to the United States. When I say "the defendant," I am referring to Yehudi Manzano.

**A.**   Role of the Court

As Judge, I perform basically two functions during the trial. First, I decide what evidence you may consider. You have heard me doing that throughout the trial. Second, I instruct you on the law that you are to apply to the facts in this case. I gave you some preliminary instructions before trial began, and some during the course of the trial, but it is now—at the close of evidence—that most of the instructions are given, so please be patient and listen closely.

If any lawyer states the law differently from the way I am explaining it to you, you are to follow my instructions.

**B.**   Instructions to be Considered as a Whole

This is a long instruction, and I may repeat certain parts. That does not mean that those parts should be emphasized. You should not single out any one part of my instructions and ignore the rest. Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others. The order in which I give you instructions does not indicate their relative importance. Do not read into these instructions, or into anything I have said or done, any suggestion about what verdict you should return—that is a matter for you alone to decide.

I should also point out that, although you have been given a copy of the instructions to follow as I deliver them, it is what I say out loud, on the record, that represents the proper instructions. If there is any difference between what I say aloud and what is written in your copy of the instructions, you must follow what I say here in court.

6

C.  <u>Both Sides Entitled to a Full and Fair Hearing</u>

Regardless of your ultimate decision about the outcome of the case, the parties in this case are entitled to a full and fair hearing. You must remember that one of the most important functions of our system is to give all the parties a full and fair hearing.

It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about which party is right.

D.  <u>Objections and Rulings</u>

It is the duty of an attorney to object to testimony or other evidence that the attorney believes is not properly admissible. Counsel also has the right and duty to ask the court to make rulings of law and to request conferences out of the hearing of the jury. All questions of law must be decided by me. You should not prefer or dislike an attorney or a party because an attorney made objections, because an attorney failed to make objections, or because an attorney requested a conference out of the hearing of the jury.

Just like anything else said by an attorney, objections are not considered evidence. You may not treat as evidence anything said by an attorney during an objection.

If I have allowed testimony or evidence that an attorney objected to, you should not give that evidence greater or lesser weight. My rulings on objections have nothing to do with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. You must disregard any testimony that I have stricken, because it is not evidence.

E. Duties of the Jury

It is your duty to find the facts from all the evidence in the case. In reaching a verdict you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you. Regardless of any opinion you may have about what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding or interpretation of the law other than the one I give you. And you must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies. In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

The verdict you reach must be unanimous; that is, agreed upon by each of you.

You must each decide for yourself whether the government has proven each element of a particular charge beyond a reasonable doubt, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

F. Outside Information

I have previously instructed you to avoid reading or listening to any news coverage or conducting any internet research about this case. If any media reports or internet accounts have come to your attention, you must lay them aside and completely disregard them. Similarly, if anyone has spoken to you about this case, you must ignore their comments. What you have read or heard about the case, the defendant, or the attorneys outside this courtroom is not evidence in this case. Indeed, it would be unfair to consider such reports because they are not evidence and the parties have no opportunity to contradict their accuracy or otherwise explain them. It would be a violation of your oath as jurors to allow anything you may have read or heard outside of this

courtroom to influence your judgment in arriving at a true verdict in this case. Your verdict must be based solely on the evidence presented in court, and in accordance with these instructions.

G. <u>Government Treated Like Any Other Party</u>

You are to perform the duty of finding the facts without bias or prejudice for or against any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States entitles the government to no greater consideration than that accorded to any other party. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals in a court of justice.

H. <u>Burden of Proof and Presumption of Innocence</u>

At the beginning of the case, I gave you some general rules about criminal trials. I will now restate them for you in more detail. There are three basic rules:

1. *Presumption of Innocence*

Mr. Manzano has pleaded not guilty to the charges against him. As a result of his plea of not guilty, the burden is on the government to prove guilt beyond a reasonable doubt. The burden never shifts to the defendant for the simple reason that the law never imposes on a defendant in a criminal case the burden of calling any witness or producing any evidence. A defendant is not even obligated to cross-examine the witnesses for the government.

The law presumes Mr. Manzano to be innocent of all the charges against him. I therefore instructed you that you were to presume him to be innocent throughout the trial and until such time, if ever, you as a jury determine that the government has proven Mr. Manzano guilty of a crime beyond a reasonable doubt. That presumption was with Mr. Manzano when the trial began

and remains with him even now as I speak to you, and will continue with him into your deliberations unless and until you are convinced that the government has proven him guilty beyond a reasonable doubt. The presumption of innocence alone is sufficient to acquit Mr. Manzano; if the government's evidence is not sufficient on a particular charge, he must be acquitted regardless of whether he has presented evidence in defense of that charge.

2.   *Burden of Proof on the Government*

The second rule in a criminal case is that the burden of proving guilt is on the government. The government has that burden throughout the trial. Mr. Manzano never has any burden to prove his innocence, to produce any evidence at all, or to testify.

The burden of proof on the government in a criminal case is different from the burden of proof on a plaintiff in a civil case. In a civil case, the plaintiff need only prove his case by what is called the "preponderance of the evidence." That means that the plaintiff in a civil case must have better evidence than the defendant in that civil case has. It is <u>not</u> enough in a criminal case, however, for the government simply to have better evidence than the defendant. In a criminal case, the government must prove each element of each crime charged beyond a reasonable doubt.

3.   *Proof Beyond a Reasonable Doubt*

I have said that the burden is on the government to prove that Mr. Manzano is guilty beyond a reasonable doubt. A natural question is: what is a reasonable doubt? The words almost define themselves. A reasonable doubt is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character

that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy. But the government is not required to prove guilt beyond all possible doubt. After all, it is virtually impossible for a person to be absolutely and completely convinced of any contested fact that by its nature is not subject to mathematical proof and certainty. The test is one of reasonable doubt.

The absence of evidence is a valid basis for reasonable doubt. The mosaic of evidence that composes the record before you includes both the evidence and the lack of evidence on material matters. An absence of evidence, or the absence of sufficient evidence, may provide the reasonable doubt upon which a jury decides to find a defendant not guilty.

In order for the government to prove that a defendant is guilty of a particular offense charged, it must prove all elements of the offense beyond a reasonable doubt. The burden of proof never shifts to a defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all the evidence against Mr. Manzano on a particular count, you have a reasonable doubt regarding Mr. Manzano's guilt on that count, it is your duty to acquit him of that count.  On the other hand, if after fair and impartial consideration of all the evidence on a particular count you are satisfied of Mr. Manzano's guilt beyond a reasonable doubt on that count, you should vote to convict him on that count.  You must make this determination for each count separately.

I.   <u>"Prove," "Find," and "Establish"</u>

Throughout the remainder of my instructions to you, I will use the word "prove" when talking about what the government must do in order to sustain its burden in this case. My use of the word "prove" means "prove beyond a reasonable doubt," even if I do not always repeat those words. Similarly, when I speak of your "finding" various facts or the government "establishing" various facts, you must determine whether those facts have been proven beyond a reasonable doubt, even if I simply use the word "find" or "establish."

J.   <u>"Offense," "Charge," and "Count"</u>

Throughout the remainder of my instructions to you, I will use the word "count," "charge," or "offense" when referring to the two charges the government has brought against Mr. Manzano.  For the purposes of these instructions, those words all have the same meaning.

**II.      SECTION II: ISSUES IN THIS CASE**

A.   <u>Charges Are Not Evidence</u>

With those general instructions in mind, I am now going to discuss the specific charges brought against Yehudi Manzano. A charge is merely an accusation; it is not evidence. The fact that Mr. Manzano has been accused of committing an offense and is on trial may not be treated by you as any evidence of his guilt.

The government alleges in this case that the defendant, Yehudi Manzano, committed produced and transported child pornography.  The government alleges that on or about August 21, 2016, Mr. Manzano produced a child pornography video depicting M.M., who was under the age of eighteen, engaged in sexually explicit conduct.  The government further alleges that Mr. Manzano transported the child pornography by uploading that video to his Google account.

You must decide whether the government has proven each of the elements of the charges beyond a reasonable doubt.

B.   <u>Multiple Counts</u>

Mr. Manzano has been charged with two offenses. The number of charges is not evidence of guilt, and should not influence your decision in any way. You must consider each count separately and return a separate verdict of not guilty or guilty for each count.

In Section III, I will instruct you on the legal principles that apply to each count.  For now, I will provide you an overview of each count.  In Count One, the government alleges that Mr. Manzano produced child pornography. In Count Two, the government alleges that Mr. Manzano transported child pornography.

C.  Definition of "Knowingly" and "Intentionally"

Before I instruct you on the elements of the offenses, I want to give you one last preliminary instruction. At times in these instructions, I will use the terms "knowingly" and "intentionally."  I will define them for you now, and whenever those words appear in these instructions, you should associate them with the following definitions in addition to any further instructed definitions:

"Knowingly": A person acts knowingly if he or she acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether a defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding his conduct.

"Intentionally": A person acts intentionally when he or she acts deliberately and purposefully.  The act must have been the product of his or her conscious objective rather than a product of a mistake or accident.

D.  "On or About"

The government alleges that the offenses were committed on or about certain dates.  The government does not have to prove that a crime was committed on the exact date alleged so long as the government proves beyond a reasonable doubt that that the crime was committed on a date reasonably near the one charged.

14

### III.   SECTION III: ELEMENTS OF THE CHARGED OFFENSES

A.   <u>Count One – Production of Child Pornography</u>[1]

Mr. Manzano is charged in Count One of the Indictment with production of child

pornography.  The government alleges that Mr. Manzano used a mobile phone to produce the

video file titled "20160821_022439.mp4" depicting M.M., who was under 18 years of age,

engaged in sexually explicit conduct with Mr. Manzano. The relevant statute is Title 18, United

States Code, Section 2251(a) which provides, in relevant part, that a person is guilty of

production of child pornography if he:

> employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any
> sexually explicit conduct for the purpose of producing any visual depiction of such
> conduct . . . if such person knows or has reason to know that such visual depiction will be
> transported or transmitted using any means or facility of interstate or foreign commerce
> or in or affecting interstate or foreign commerce or mailed, if that visual depiction was
> produced or transmitted using materials that have been mailed, shipped, or transported in
> or affecting interstate or foreign commerce by any means, including by computer, or if
> such visual depiction has actually been transported or transmitted using any means or
> facility of interstate or foreign commerce or in or affecting interstate or foreign
> commerce or mailed.

For you to find Mr. Manzano guilty of this charged offense, you must be convinced that

the government has proven each of the following three elements beyond a reasonable doubt:

First, that the video depicted M.M. and that M.M. was under the age of eighteen at the

time of the acts alleged in Count One.

Second, that Mr. Manzano used or employed or persuaded or induced or enticed or

coerced M.M. to take part in sexually explicit conduct for the purpose of producing a visual

depiction of that conduct; and

---

[1] Adapted from Sand, Instructions 62-1 and 62-2; *United States v. Broxmeyer*, 616 F.3d 120, 124 (2d Cir. 2010)
(listing the elements of the offense).

Third, that (a) Mr. Manzano knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or mailed; or (b) the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or (c) the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

1. *First Element – Age of Minor*[2]

The first element that the government must prove beyond a reasonable doubt for Count One is that the video depicted M.M. and that M.M. was under the age of eighteen years at the time of the acts alleged in this count.

The government does not have to prove that the defendant knew that M.M. was less than eighteen years old.

2. *Second Element - Use of Minor in Sexually Explicit Conduct*[3]

The second element that the government must prove beyond a reasonable doubt for Count One is that Mr. Manzano used or employed or persuaded or induced or enticed or coerced M.M. to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct.

---

[2] Adapted from Sand, Instructions 62-3; 18 U.S.C. § 2256(1) (defining "minor" as "any person under the age of eighteen years."); *see United States v. X-Citement Video, Inc.*, 513 U.S. 64, 77 n.5 (1994) ("[P]roducers may be convicted under § 2251(a) without proof they had knowledge of age"); *United States v. Griffith*, 284 F.3d 338, 349 (2d Cir. 2002) ("The Supreme Court has concluded that § 2251 does not contain a knowledge of age requirement.").

[3] Adapted from Sand, Instructions 62-5 and 62-7; 18 U.S.C. § 2256(2) (defining "sexually explicit conduct"); 18 U.S.C. § 2256(5) (defining "visual depiction");

The "use" of a minor is satisfied if you find that the minor was filmed engaging in sexually explicit conduct.[4]

Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on a computer disk or by electronic means that is capable of conversion into a visual image.

In deciding whether the government has proven that the defendant acted for the purpose of producing or transmitting a visual depiction of the sexually explicit conduct, you may consider all of the evidence concerning the defendant's conduct.

The government need not prove that producing the video was Mr. Manzano's sole or only purpose for engaging in the sexual activity.[5]

---

[4] *See United States v. Sirois*, 87 F.3d 34, 41 (2d Cir. 1996) (stating that the "use" element "is fully satisfied ... if a child is photographed in order to create pornography"); *United States v. Fadl*, 498 F.3d 862, 866 (8th Cir.2007) (same); *United States v. Wright*, 774 F.3d 1085, 1089 (6th Cir. 2014) (same); *Ortiz–Graulau v. United States*, 756 F.3d 12, 18–19 (1st Cir.2014) (holding that "the statutory definition of 'use' is met when a defendant makes a minor the subject of a visual depiction by intentionally photographing the minor engaging in sexually explicit conduct").

[5] *See United States v. Raplinger*, 555 F.3d 687, 693 (8th Cir. 2009) ("The government need not prove that producing the photographs was [defendant's] sole purpose for engaging in the sexual activity (citing *United States v. Sirois*, 87 F.3d 34, 39 (2d Cir.1996)); *United States v. Fifer*, 863 F.3d 759, 768 (7th Cir. 2017) ("Nothing in the statute requires that the production of such a depiction be the defendant's only purpose.") *cert. denied*, 138 S. Ct. 1262, 200 L. Ed. 2d 420 (2018).

It is not an element of this crime that the defendant acted with a commercial motive. Thus, it is not a defense that the visual depiction of M.M. engaging in sexual conduct was for the Mr. Manzano's personal use rather than commercial distribution.[6]

Finally, it is not relevant whether or not M.M. was a willing participant in or consented to the sexually explicit conduct. The consent or voluntary participation of the minor is not a defense to this charge.[7]

### 3. *Third Element – Effect on Interstate Commerce*[8]

The third element that the government must prove beyond a reasonable doubt is that the Mr. Manzano (a) knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce; or (b) the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or (c) the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

---

[6] *See United States v. Sirois*, 87 F.3d 34, 40 (2d Cir. 1996) ("we hold that the interstate nexus of § 2251(a) does not require a commercial purpose."); *see also* Sand, Instruction 62-5, Commentary ("There is no requirement that the defendant have a commercial purpose for producing the visual depiction.")

[7] *See United States v. Sibley*, No. 15-4232, 2017 WL 900112, at *4 (6th Cir. Mar. 7, 2017) (minor victim's consent irrelevant to whether defendant violated § 2251(a)); *United States v. Raplinger*, 555 F.3d 687, 692 (8th Cir. 2009) ("the district court was correct as a matter of law that consent is not a defense to the crimes charged[.]"); *United States v. Griffith*, No. 99CR786(HB), 2000 WL 1253265, at *18 (S.D.N.Y. Sept. 5, 2000) ("[18 U.S.C. § 2251] by its plain terms eliminates consent as a defense."); *see also Sand*, Instruction 62-5, Commentary ("The consent of the minor is obviously not a defense, and an instruction to that effect may be appropriate when issues concerning the minor's voluntary participation are raised.")

[8] Adapted from Sand, Instruction 62-9; *see United States v. Skvarla*, 673 F. App'x 111, 114 (2d Cir. 2016) (downloading pornography from Internet involved transportation of child pornography in interstate commerce); *United States v. Konn*, 634 F. App'x 818 (2d Cir. 2015) (citing Effective Child Pornography Prosecution Act of 2007 ("2008 Amendments"), Pub. L. No. 110-358, § 102(7), 122 Stat. 4001, 4002 (2008) ("The transmission of child pornography using the Internet constitutes transportation in interstate commerce.")).

"Interstate or foreign commerce" means simply movement between one state and another or between the United States and a foreign country. Transmission of photographs or video by means of the Internet constitutes transportation in interstate commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet

A cellular or mobile phone can constitute a "means or facility" of interstate or foreign commerce.[9]

I will now instruct you on each one of these three methods of proof.

a.   Knowledge or Reason to Know of interstate Transportation or Transmission[10]

To prove that the defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, the government must establish that Mr. Manzano knew and intended that the visual depiction would be transported or transmitted in interstate or foreign commerce or that Mr. Manzano had reason to know that this transportation or transmission would occur because it was reasonably foreseeable that his activities would result in the depiction's transportation or transmission in or affecting interstate or foreign commerce. For this method of proof, the government does not have to prove that the depiction was actually mailed or moved in interstate or foreign commerce.

---

[9] *See United States v. Giordano*, 442 F.3d 30, 39–41 (2d Cir. 2006) (holding that the intrastate use of a cell phone constitutes the use of "a facility in interstate commerce"); *United States v. Crumble*, No. 18-CR-32 (ARR), 2018 WL 3112041, at *2 (E.D.N.Y. June 25, 2018).

[10] Adapted from Sand, Instruction 62-9.

      b.   Production or Transmittal Using Materials Previously Moved In Interstate or Foreign Commerce[11]

The second method of proof of this element is that the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer. Simply stated, the phrase "transported in interstate or foreign commerce" means that the materials used to produce the visual depiction had previously moved from one state to another or between the United States and another country. Here, the government alleges that the Samsung Galaxy phone or its components used to take the video were not manufactured in Connecticut. I instruct that if you find that the Samsung phone or its components used to take the video were manufactured outside of Connecticut, that is sufficient to satisfy this element. The government does not have to prove that Mr. Manzano personally transported the materials across a state or international line, or that Mr. Manzano knew that the cellular phone or its components had previously crossed a state or international line.

      c.   Visual Depiction Actually Transported or Transmitted Using Facility of or In or Affecting Interstate or Foreign Commerce[12]

The third method of proof of this element is that the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce. The government must prove that the visual depiction crossed between one state and another or between the United States and a foreign country. Transmission of photographs or video by means of the Internet constitutes transportation in

---

[11] Adapted from Sand, Instruction 62-10.

[12] Adapted from Sand, Instruction 62-8.

interstate or foreign commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.

I have just described three methods that the government may use to satisfy this third element. You do not have to find that the government proved all three methods for this third element. You only need to find that the government proved any one of the three methods.

B.  <u>Count Two – Transportation of Child Pornography</u>[13]

In Count Two, the government alleges that Mr. Manzano transported child pornography by saving the video file titled "20160821_022439.mp4" in his Google account . The relevant statute is Title 18, United States Code, Section 2252A(1) which provides, in relevant part, that a person is guilty of transportation of child pornography if he:

> knowingly . . . transports . . . using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography.

In order to prove that Mr. Manzano transported child pornography, as charged in Count Two, the government must prove each of the following four elements beyond a reasonable doubt:

First, that the defendant knowingly transported a visual depiction, as I have already defined that term to you.

---

[13] Adapted from Sand, Instructions 62-25 and 62-26.

Second, that the visual depiction was transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer;

Third, that the visual depiction was child pornography, as I will define that term; and

Fourth, that the defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

1. *First Element – Transporting*[14]

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly transported a visual depiction in interstate or foreign commerce.

I have already defined the term "visual depiction" for you and the same definition applies here.

I have also previously instructed you on the term "knowingly" and that instruction applies here.

It is not necessary for the government to show that Mr. Manzano personally transported the depiction. It is sufficient if the government proves that he knowingly caused the interstate transportation to take place.

---

[14] Adapted from Sand, Instruction 62-27.

2. *Second Element – Effect of Interstate Commerce*[15]

The second element that the government must prove beyond a reasonable doubt is that the child pornography was actually transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

This means that the government must prove that the child pornography crossed between one state and another or between the United States and a foreign country. Transmission of video by means of the Internet constitutes transportation in interstate commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.

3. *Third Element – Visual Depiction was Child Pornography*[16]

The third element that the government must prove beyond a reasonable doubt is that the visual depiction was child pornography.

Child pornography means any visual depiction the production of which involved the use of a minor engaging in sexually explicit conduct, as I have already defined that term to you, and that portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct. The government does not have to prove the identity of the minor or the exact age of the minor. You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

---

[15] Adapted from Sand, Instruction 62-33.

[16] Adapted from Sand, Instruction 62-36.

4. *Fourth Element – Defendant Acted Knowingly*[17]

The fourth element that the government must prove beyond a reasonable doubt is that the defendant knew that the material he possessed was child pornography.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depiction was in fact of an actual minor engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge as to the identity or actual age of the underage performer. The defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

---

[17] Adapted from Sand, Instruction 62-36.

C. <u>Closing Instructions for Charged Offenses</u>

If you, the jury, find beyond a reasonable doubt from the evidence in the case that the government has proved each of the foregoing elements for a particular count, then proof of the charged crime is complete and you should find Mr. Manzano guilty on that count.  If, on the other hand, you have a reasonable doubt about any of the elements of a particular count, then it is your duty to find Mr. Manzano not guilty on that count.  Remember to evaluate the evidence with respect to each count separately.  It is possible for Mr. Manzano to be found guilty of one count while being found not guilty on the other count.  I have prepared a Verdict Form that contains questions that will assist you in this process.

**IV.     INSTRUCTIONS FOR DELIBERATIONS**

Now that I have gone over the elements of the offenses charged in this case, I will

provide additional instructions that will guide you in your deliberations.

A. <u>Evidence</u>

1. *Three Forms of Evidence*

Next I want to discuss with you generally what we mean by evidence and how you

should consider it. The evidence from which you are to decide what the facts are comes in one of

three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-

examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record. When you

return to the jury room, you will have access to the exhibits that have been admitted into

evidence.

Third, there are any facts to which all the lawyers have agreed or stipulated.

2. *What Is and What Is Not Evidence*

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in

evidence, and the stipulations agreed to by the parties.

Questions are not evidence; answers are. At times, a lawyer may have incorporated into a

question a statement that assumed certain facts to be true, and asked the witness if the statement

was true. If the witness denied the truth of a statement, and if there is no evidence in the record

proving that assumed fact to be true, then you may not consider it to be true simply because it

was contained in the lawyer's question.

Similarly, during the course of trial, I may have occasionally asked questions of a witness

in order to clarify testimony, avoid misunderstandings, or to bring out facts not then fully covered in the testimony. Like the questions of counsel, my questions are not evidence and may not be considered by you as such. Do not assume that I hold any opinion on the subject of my questions.

Testimony that has been stricken or excluded by the court also is not evidence and may not be considered by you in rendering your verdict.

What the lawyers say in their opening statements, closing arguments, comments, objections, and questions is not evidence. What they say in their closing arguments is intended to help you understand the evidence and to reach your verdict. If your recollection of the facts differs from the lawyers' statements, however, you should rely on your memory.

Moreover, what I may have said during the trial or what I may say in these instructions is not evidence and my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. Exhibits that have been marked for identification may not be considered by you as evidence unless and until they have been received into evidence by the court. Exhibits were received into evidence when I said that an exhibit was admitted as a "full" exhibit.

In addition, materials used only to refresh a witness's recollection or to demonstrate or help explain testimony are not evidence unless they are admitted as full exhibits.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

3.  *Direct and Circumstantial Evidence*

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence includes a witness's testimony

about something the witness knows by virtue of his or her own senses—something he or she has

seen, felt, touched, heard, or done.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other

facts. For example, assume that when you came into the courthouse this morning the sun was

shining and it was a nice day. Assume that, because there are no windows in this courtroom, you

could not look outside. As you were sitting here, someone walked in with an umbrella that was

dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now,

you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you

have no direct evidence of that fact. But on the combination of facts that I have asked you to

assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. On the basis of your reason, experience,

and common sense, you infer from one established fact the existence or non-existence of some

other fact. Circumstantial evidence is of no less value than direct evidence. It is a general rule

that the law makes no distinction between direct and circumstantial evidence, but simply requires

that the jury cannot convict a defendant unless it is satisfied of that defendant's guilt beyond a

reasonable doubt based on all the evidence presented. Circumstantial evidence, however, does

not include guesswork or conjecture. Circumstantial evidence consists only of the reasonable and

logical inferences that you draw from other evidence in the record.

4. *Definition of "Inference"*

During the trial you may have heard the attorneys use the term "inference" and in their

arguments they may ask you to infer, on the basis of your reason, experience, and common

sense, from one or more facts in evidence, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a

disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proved by direct or circumstantial evidence. The government may ask you to draw one set of inferences, while the defendant may ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a conclusion that you are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. Finally, you may not draw any inferences from the mere fact that a defendant has been charged with a crime.

So, while you are considering the evidence in this case, you are permitted to draw any reasonable inferences from the facts that are justified in light of your reason, experience, and common sense.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of a defendant beyond a reasonable doubt before you may convict him.

5. *Stipulation of Fact* **[If applicable]**

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Because there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact, but you may give it whatever weight you choose.

6.   *Stipulation of Testimony* **[If applicable]**[18]

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony in court. However, it is for you to determine the effect to be given that testimony.

B.   <u>Witnesses</u>

1.   *Defendant's Right Not to Testify* **[If applicable]**

Under our Constitution, a defendant has no obligation to testify, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

There are many complex reasons why a defendant may choose not to testify or present any evidence, including the advice of his lawyer. You may not attach any significance to the fact that Mr. Manzano did not testify in this case. You may not draw any inference from that decision or consider it in any way in your deliberations in the jury room.

2.   *Defendant's Testimony* **[If applicable]**

Under our Constitution, a defendant has no obligation to testify, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent. However, if a defendant chooses to testify, he is, of course, permitted to do so.

---

[18] Sand, Instruction 5-7.

In this case, Mr. Manzano testified.  You should examine and evaluate his testimony just as you would the testimony of any witness. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in the case.

3. *Witness Credibility—Generally*

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives. You base it on what you have seen and heard. You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Was he or she frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, their behavior, manner and appearance—while testifying? Often it is not what a person says but how he or she says it that convinces us.

You should also consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other evidence.

Always remember that in assessing a witness's testimony you should use your common

sense, your good judgment, and your own life experiences.

    4. *Impeachment of a Witness*

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

You may have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement may only be considered for the purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. The earlier inconsistent or contradictory statement may be used only to discredit or impeach the credibility of the witness; it may not be used to establish the truth of those earlier statements, unless the statement was admitted into evidence.

If you decide a witness testified untruthfully in some respect, you may consider that fact in deciding the credibility you will give to that witness's testimony. In making that determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. Considering those factors and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

5. *Prior Felony Conviction* **[If applicable]**

You have also heard the testimony of a defense witness who was previously convicted of a crime, punishable by more than a year in jail, or involving dishonesty. Prior convictions were put into evidence for you to consider in evaluating the witness' credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be given.

6. *Interest in Outcome*

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from or has any other interest in the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that in mind when evaluating the credibility of his or her testimony and evaluate it with great care.

That is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, a witness's interest has affected or colored his or her testimony.

7. *Opinion of Defendant's Character* **[If applicable]**[19]

The defendant has called witnesses who have given their opinion of his good character. This testimony is not to be taken by you as the witness' opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider

---

[19] Sand, Instruction 5-15.

this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if after considering all the evidence including that of defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him to be a person of good character.

8. *Law Enforcement Witnesses*

You have heard testimony from law enforcement officers and government agents in this case. The testimony of a law enforcement witness is entitled to no greater or lesser weight than any other witness. An officer who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does.  It is entirely legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.  In the case of a law enforcement witness, you should not believe or disbelieve him or her merely because he or she is employed in law enforcement. You should recall his or her demeanor on the stand, his or her manner of testifying, and the substance of his or her testimony, and you should weigh and balance it just as carefully as you would the testimony of any other witness.

People employed in law enforcement do not stand in any higher or lower station in the community than other persons, and their testimony is not entitled to any greater or lesser weight due to the nature of their employment.

9. *Expert Witnesses* **[If applicable]**

You have heard testimony from an expert witness in this case. An expert is allowed to express an opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is knowledgeable and experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. Has the expert witness provided you with a rational and reasonable basis supporting the opinions the expert offers? When the expert undertakes to support an opinion by relating it to some basis in fact, is the basis brought forth in support of that particular opinion reasonable and logical, and in your minds, a sound basis? You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept an expert witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

10. *Uncalled Witness Equally Available or Unavailable*

You should not decide this case based on the number of witnesses and exhibits presented by a party. You do not have to accept the testimony of any witness, even a witness who has not been contradicted or impeached, if you find the witness not to be credible.

There may have been persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity or

lack of opportunity to call any of those witnesses.  Therefore, you should not draw any

inferences or reach any conclusions about what they would have testified to had they been called.

Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a

defendant in a criminal case the burden or duty of calling any witnesses or producing any

evidence.

C.  Uncontradicted Testimony

You are not required to accept testimony even though the testimony is uncontradicted and

the witness is not discredited or impeached. You may decide, because of the witness's manner

and demeanor, the improbability of his or her testimony, or other reasons, that such testimony is

not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a

fact in dispute, if you believe that the witness has truthfully and accurately related what in fact

occurred.

D.  Admissions of the Defendant[20]

There has been evidence that the defendant made certain statements in which the

government claims he admitted certain facts charged in the Indictment.

In deciding what weight to give the defendant's statements, you should first examine with

great care whether each statement was made and whether, in fact, it was voluntarily and

understandingly made. I instruct you that you are to give the statements such weight as you feel

they deserve in light of all the evidence.

---

[20] Sand, Instruction 5-19

36

E.  Recordings and Transcripts[21]

During the trial, you watched and listed to a video recorded interview of the defendant by a Waterbury Police Detective.  This recorded interview has been received in evidence and was played for you. Transcripts of portions of the recorded interview were furnished to you solely for your convenience in assisting you in following the conversation or in identifying the speakers. The transcripts were prepared by the government, and it contained the government's interpretation of the spoken words that appear in the recording.

The recording itself is evidence in the case but the typewritten transcripts are not evidence. What you hear on the recording is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the recording and not by the transcripts.

If you cannot, for example, determine from the recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

F.  Summary Charts (Admitted as Evidence) **[If applicable]**

Charts or summaries that have been prepared by the United States have been admitted into evidence, and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records or other documents that are in evidence in this case. You may consider the charts or summaries admitted as full exhibits as you would any other evidence admitted during this trial and give them such weight and importance, if any, as you feel they deserve.

---

[21] Adapted from 1A Fed. Jury Prac. & Instr. § 14:09 (6th ed.)

G.  Summary Charts (Not Admitted as Evidence) **[If applicable]**[22]

The United States has presented exhibits in the form of charts and summaries. These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

H.  Specific Investigative Techniques Not Required

There is no legal requirement that the government use any specific investigative techniques to prove its case. Law enforcement techniques are not your concern. Nor is it your concern whether or why certain persons have or have not been called as witnesses.

The law does not require calling as witnesses all persons who may have been involved in the case, or who may appear to have some knowledge of the issues in this case. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits. Your verdict must be based only on the evidence presented and the witnesses who testified. Your only concern is to determine, based upon that evidence, whether or not a defendant has been proven guilty beyond a reasonable doubt.

---

[22] Sand, Instruction 5-13

I.    The Jury Is Not to Consider Punishment

The question of possible punishment that a defendant will receive if convicted is of no concern to the jury and should not, in any way, enter into or influence your deliberations. The duty of imposing a sentence rests exclusively upon the judge. Your function is to weigh the evidence in the case and to determine whether or not Mr. Manzano is guilty beyond a reasonable doubt of the crimes charged, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon Mr. Manzano, if convicted, to influence your verdict or enter into your deliberations.

J.    Deliberations

I must add a few general instructions concerning your deliberations.

1.    *Note Taking*

You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence. If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors. The fact that a particular juror has taken notes entitles that juror's opinions to no greater weight than those of any other juror, and your notes are not to be shown to any other juror during the course of deliberations.

2.    *Jury Bias*

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. Please bear in mind that all parties are equal before the law. You should not, therefore, consider any personal feelings you may have about the race, religion, national origin, sex, age,

wealth, lifestyle, or other features of the parties.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence presented here. If you let sympathy or prejudice interfere with your clear thinking about the facts, there is a risk that you will not arrive at a just verdict.

In reaching your verdict, you are not to be affected by sympathy for, or prejudice against, any of the parties. You are not to be affected by what the reaction of the parties or the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom. Similarly, it would be wrong for you to allow feelings you might have about the nature of the charges against the defendant to influence you in any way. Finally, each of the parties to this case must be regarded as equals by you.

If the jury has a reasonable doubt about Mr. Manzano's guilt, the jury must acquit him. On the other hand, if the jury should find the government has met its burden of proving Mr. Manzano's guilt beyond a reasonable doubt, it should not hesitate because of sympathy, or any other reason, to render a verdict of guilty.

**V.       CLOSING ARGUMENTS**

At this point we will interrupt the instructions to hear closing arguments of counsel. I will conclude the instructions after those summations. Remember, what the lawyers say in their closing arguments is not evidence, but it is merely argument about what the evidence shows.

**[BREAK FOR CLOSING ARGUMENTS]**

A.   <u>Lawyers' Arguments Are Not Evidence</u>

You have just heard closing arguments of counsel. I want to remind you that what the lawyers have said is *not* evidence, even if it seemed at times as if they were testifying. The lawyers merely presented their arguments about what the evidence has shown. Their credibility is not an issue that should enter into your decision in this case.

## VI.      CONCLUSION

Your verdict must be unanimous and represent the considered judgment of each juror.

Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. But you should not surrender your honest judgments about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations.

Remember at all times that you are not biased; rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

When you return to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience. Focusing on the questions set forth in the verdict form will assist you in your deliberations. You must complete and return the verdict form in court when you have reached your decision. Each answer must be unanimous. The verdict form must be used only in connection with the charge I have just given to you. The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations. When you have reached a unanimous verdict, you will have your foreperson fill in your answers, date and sign the verdict form. Then inform the court security officer or clerk via note that you have reached a verdict.  Do not write in the note what the

42

verdict is.

I want to caution you now to take your time when completing the verdict form. As you will see when you retire to the jury room, the form consists of several questions. Answer each question as it appears.

When you go into the jury room to begin your deliberations, you will be able to review the exhibits electronically. My clerk will instruct you on how to use the jury electronic software system.  I urge you to utilize our jury electronic software system to review the evidence because it allows everyone to view the same piece of evidence at the same time.  If you have any technical issues, please let us know promptly.

You will not have a transcript of the testimony. If you want any of the testimony read to you, that can be done and will occur in open court. I encourage you to limit the recitation of testimony. It is not easy to locate specific portions of the testimony, and reading the testimony is a time-consuming process, so please be as specific as possible if and when you decide to request a reading of portions of the testimony.

Requests that testimony be read back, as well as any other communication with the court, including requests for assistance with the jury software system, should be made in writing, signed by your foreperson, and given to a marshal or a court security officer. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must warn you that in your communications with the court you should never reveal your numerical division at any time.

It is proper to add a final caution.

Nothing that I have said in these instructions—and nothing that I have said or done

during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Jurors _____ are our alternates. Please go to the jury room to retrieve your belongings and then return to the courtroom.

You, the jury, will soon proceed to your deliberations in the jury room. Deliberate only when all of you are present. After you begin your deliberations, you are not to leave the jury room without first notifying the marshal or court security officer, who will escort you. No deliberations may take place without all jurors being present. If you have brought your cell phones or computer tablets into the jury room, you must turn them off during deliberations. You must not research any issue nor communicate with each other or with anyone else about the case through the internet, e-mail, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Instagram, Facebook, WhatsApp, LinkedIn, and YouTube. Further, if at any time a juror is in the bathroom facilities or on a cell phone, the other jurors must immediately cease deliberations and may not recommence deliberations until all jurors are present and all cell phones are off.

As you deliberate, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it for you. Render your verdict fairly, uprightly and without a scintilla of prejudice. Take as long as you think is necessary to fairly and impartially reach your verdict.

Thank you for your attention.