UNITED STATES DISTRICT COURT
DISTRICT ON CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | 3:18-CR-00095(SRU) |
| v. | : | |
| | : | |
| YEHUDI MANZANO | : | OCTOBER 22, 2018 |

## DEFENDANT'S REQUESTS TO CHARGE

**I.   Jury Nullification**

Although it is your sworn duty to apply the legal principles on which I instruct you to the evidence you hear in this courtroom, you, as jurors, have the power to determine whether the Government has justly prosecuted Mr. Manzano for the crimes charged in this case. This means that although you might conclude that the Government has proven the charges it has pursued in this case, you nonetheless believe that that the Government has proceeded in an unjust manner by bringing the charges at all, or that, although the evidence at trial satisfies one interpretation of the statutes defining the crimes charged, the Government's interpretation of those statutes, and the Government's application of that interpretation to the facts of this case, results in a miscarriage of justice.

Just as the Government seeks to hold the defendant accountable for what it believes to be his misconduct, you can also hold the Government accountable in this case for its decision to proceed to trial in this case on these facts by returning a verdict of not guilty. One of your powers as jurors is to decide whether the Government has justly proceeded in this prosecution. Among the factors you may consider is whether the sentencing consequences of a conviction are fair, just and reasonable.

1

The rule of law depends on settled expectations of citizens and governmental agents all acting reasonably. You should use your power to rebuke the Government sparingly.

## II.        Production of Child Pornography -- 18 U.S.C. Section 2251(a)

The Government has charged Mr. Manzano in two counts, one alleging production of child pornography, and the other alleging transportation of child pornography. Each count must be considered separately, and a verdict returned as to each count.

In order to convict the defendant of either count of the indictment, the Government must prove each and every element of the offense charged. The Government must do so by persuading you beyond a reasonable doubt as to each element of the offense. It is not enough that the Government prove one element of the offense. Unless and until the Government proves each and every element of the offense charged, the defendant is entitled to the presumption of innocence and your vote must be not guilty as to that count.

Both offenses charged are specific intent offenses. That means that the government must show that the defendant had the conscious objective to engage in the prohibited conduct.

The count alleging production of child pornography, 18 U.S.C. Section 2251(a), has three elements:

First, the alleged victim was under the age of eighteen at the time.

It is a defense to a charge of sexual exploitation of a child that the defendant did not know, and could not reasonably have learned, that the child was under 18 years of age.

The Government must disprove beyond a reasonable doubt that the defendant did not know and could not reasonably have learned that the alleged victim was under 18 years of age.

If you find by that the defendant did not know and could not reasonably have learned that the child was under 18 years of age, you must find the defendant not guilty of the charge of sexual exploitation of a child. (In part, based on: 8.186 Ninth Circuit Pattern Jury Instructions. The defendant contends that it is the Government's burden to disprove an affirmative defense.)

Second, the defendant used the alleged victim in sexually explicit conduct.

Third, the defendant knew or had reason to know that the images in question would be transported across state lines or in foreign commerce. Ninth Circuit Pattern Jury Instructions Section 8.181.

"An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly." Section 5.6 Ninth Circuit Pattern Jury Instructions.

### III.     Transportation of Child Pornography – Transportation of Child Pornography

There are three elements to this offense. I remind you that, just as was the case in the first count, alleging production of child pornography, so, too, in this count, alleging transportation of child pornography, the Government must prove each and every element of the offense beyond a reasonable doubt. The Government's failure to prove any one of these elements requires you to give the defendant the benefit of the presumption of innocence and to return a verdict of not guilty as to this count.

First, the alleged victim must be under the age of eighteen.

It is a defense to a charge of sexual exploitation of a child that the defendant did not know, and could not reasonably have learned, that the child was under 18 years of age.

The Government must disprove beyond a reasonable doubt that the defendant did not know and could not reasonably have learned that the alleged victim was under 18 years of age.

If you find by that the defendant did not know and could not reasonably have learned that the child was under 18 years of age, you must find the defendant not guilty of the charge of sexual exploitation of a child. (In part, based on: 8.186 Ninth Circuit Pattern Jury Instructions.)

Second, the alleged child must be engaged in pornographic activity.

Third, the defendant must knowingly transport child pornography using any means and facility of interstate and foreign commerce by any means, including a computer.

"An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly." Section 5.6 Ninth Circuit Pattern Jury Instructions.

THE DEFENDANT

By   /S/   NORM PATTIS /S/
NORMAN A. PATTIS
383 Orange Street, Front
New Haven, Ct  06511
203.393.3017
203.393.9745 (fax)
ct 13120
npattis@pattislaw.com

## CERTIFICATION

This is to certify that on October 22, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent, via e-mail, to all parties by operation of the Court's electronic filing system, and the undersigned did cause to be sent, via First Class U.S. mail, postage prepaid, a copy of the foregoing to all counsel and pro se parties that do not have access to the Court's electronic filing system and to whom the court directs the undersigned to send a hard copy via mail. Parties may access this filing through the Court's system.

/s/ NORMAN A. PATTIS /s