UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:18-cr-095 (SRU) |
| | : | |
| v. | : | |
| | : | |
| YEHUDI MANZANO | : | October 23, 2018 |

## GOVERNMENT'S OMNIBUS MOTIONS IN LIMINE

The Government respectfully submits this memorandum and the motions *in limine* set forth below in advance of the trial in the above-captioned case.

## I.      BACKGROUND[1]

The two-count Indictment in this case charges the defendant, Yehudi Manzano, with production of child pornography and transportation of child pornography. The indictment alleges that on or about August 21, 2016, Mr. Manzano used his Samsung Galaxy mobile phone to produce a video of child pornography depicting Mr. Manzano engaging in sexually explicit conduct with a then-15-year old female. The indictment further alleges that Mr. Manzano then transported the child pornography over the internet by uploading the video to his Google account.

At trial, the Government expects to introduce the testimony of members of the Waterbury Police Department. The Government expects one of the detectives will testify that on or about October 28, 2016, she received a sexual assault complaint about Mr. Manzano from a victim, M.M., who was 15-years old at the time. Based on the complaint, members of the Waterbury Police Department went to Mr. Manzano's residence and among other things, located and seized his cell phone. Another member of the Waterbury Police Department interviewed Mr. Manzano at the

---

[1] The background set forth below does not set forth all of the evidence and testimony the Government expects to offer at trial. The background set forth below is meant to provide the Court with a general understanding of the nature of the evidence and testimony the Government will present at trial.

police station.

Later, one of the detectives applied for and obtained a search warrant for the contents of Mr. Manzano's Google accounts, including the account with username yehudimanzano25. The subscriber records for this account shows that it was created in 2012 and that the subscriber's first and last name is Yehudi Manzano. In reviewing the records that Google provided in response to the warrant, the detective located a video of child pornography depicting M.M. and Mr. Manzano engaged in sexually explicit conduct. The video was located in the Google Photos folder for yehudimanzano25.

The Government expects that a custodian of records from Google will authenticate these records at trial. The Government also expects that the custodian will provide a general overview of the Google Photos service it offers. The Government expects she will testify that files are uploaded to Google Photos over the internet and that Google does not have any servers that store subscriber photos and videos in the state of Connecticut.

At trial, the Government expects that a special agent with the FBI will testify that she began investigating Mr. Manzano based on the video that the Waterbury Police Department recovered. She obtained Mr. Manzano's Samsung Galaxy phone and Google records from the Waterbury Police Department and provided them to an FBI digital forensic examiner. The Government intends to call the FBI digital forensic examiner as a witness and expects he will testify at trial about how he also located the child pornography video within the Google records for yehudimanzano25. The file had a file name that indicated it was created on or about August 21, 2016. He will also testify that Google provided records indicating the file was created on Google's servers on that same date.

In addition, the Government expects the FBI digital forensic examiner to testify that he

conducted an examination of the Samsung phone and located a database residing on the phone that contained information about media (photos and videos) taken with the phone. Within this database he observed an entry for a video file with the same filename as the child pornography video found in the yehudimanzano25 Google account. The entry indicated the video was taken on or about August 21, 2016.

The Government expects the victim, M.M., to testify at trial that she and Mr. Manzano are the individuals depicted in the video and that she recalls Mr. Manzano taking the video with his phone. She will testify she was 15-years old at the time, and the Government expects to introduce the victim's birth certificate records. As detailed below, the Government proposes to elicit from the victim that she was not threatened or forced into engaging in the sexual conduct with Mr. Manzano.

Finally, the Government expects to introduce records showing that the Samsung Galaxy phone was manufactured overseas and therefore traveled in foreign commerce. The Government also expects to introduce evidence demonstrating that Mr. Manzano was aware that the victim was under the age of 18.

## II.   <u>MOTIONS IN LIMINE</u>[2]

### A.  Motion to sequester witnesses.

Pursuant to Rule 615 of the Federal Rules of Evidence, the Government moves for an order directing that all witnesses, except for the defendant and the Government's lead case agent, be sequestered until they are called to testify at the trial. *See, e.g., United States v. Lee*, 834 F.3d 145, 162 (2d Cir. 2016) (holding that the district court properly exempted the government's case agent

---

[2] In its opposition to the defendant's motion to argue jury nullification (*see* Doc. 36), the Government also asked the Court to preclude the defense, through a jury address, witness examination, or offer of evidence, from informing the jury about the sentencing consequences or suggesting to the jury that they may acquit if they find the Government's prosecution or the sentencing consequences are unjust.

from sequestration). The undersigned represents that the parties have exchange lists of anticipated Government and defense witnesses, respectively.

**B. Motion to refer to the victim by her initials during trial**.

The Government requests that the victim in this case be identified in the public court proceedings by the initials, "M.M."   Pursuant to 18 U.S.C. § 3509(d)(3), the Court may issue an order "protecting a child from public disclosure of the name or of any other information concerning the child in the course of the proceeding, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." Such a protective order may provide that the testimony of a child witness and the testimony of any other witnesses who might disclose the name of the child be taken in a closed courtroom, and may provide for any other measures that may be necessary to protect the privacy of the child. 18 U.S.C. § 3509(d)(3)(B).

Here, the Government is not requesting closure of the courtroom during the victim's testimony but, rather, is requesting that her identity be protected from public disclosure by using her initials instead of her full name. Referring to minor victims only by initials during public court proceedings is common in cases involving minor victims. *See, e.g., United States v. Willoughby*, 742 F.3d 229, 232 (6th Cir. 2014) (referring to minor victim by his/her initials); *United States v. Daniels*, 653 F.3d 399, 405 (6th Cir. 2011) (same); *United States v. Dickerson*, No. 6:12-CR-228-ORL-37, 2012 WL 6186732, at *2 (M.D. Fla. Dec. 12, 2012) (same); *United States v. Kelly*, No. 07-CR-374 (SJ), 2008 WL 5068820, at *2 (E.D.N.Y. July 10, 2008) (same); *United States v. Paris*, No. CR. 3:06-CR-64(CFD), 2007 WL 1484974, at *2 (D. Conn. May 18, 2007) (same); *see also United States v. Troup*, No. 3:12-CR-36 JD, 2012 WL 3818242, at *3 (N.D. Ind. Aug. 31, 2012) (permitting reference to minor victims by pseudonymns because "[i]t is easy to see how the

disclosure of a child's name as the victim of a sex offense can be 'detrimental to the child[.]'").[3]

The Government's suggested approach of identifying the victim by her initials only balances the victims' rights to privacy, dignity, and respect with the public's and press's right to access criminal proceedings, and is a reasonable request. *See Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982); *Paris*, 2007 WL 1484974, at *2 ("the interests of the Government, the Jane Does and the Minors in protecting these witnesses' identities outweighs the public's interest in access to this information, and the Government's proposal is narrowly tailored to serve its interest. Accordingly, the Jane Does and Minors may testify at trial using their first names and the first initials of their last names.").

The Government represents that the victim's actual identity was previously disclosed to counsel for Mr. Manzano.

### C. Motion requesting that child pornography not be displayed to the public gallery during trial.

The Government intends to introduce and display the video of child pornography that is the subject of the Indictment. The Government intends to display this video to the witnesses, the Court, the parties, and the jury. However, the Government requests that the video not be displayed to the public gallery at trial when published through the Court's computer monitors.

This procedure does not impose any meaningful impediment to the public's access to the proceedings, and even if it were considered to be some minor infringement upon the right to a public trial, it would be justified. *United States v. Gupta*, 699 F.3d 682, 687 (2d Cir. 2012) ("The

---

[3] In a trial before the Hon. Victor A. Bolden earlier this month involving the sex trafficking of minors, the Court permitted the minor victims to identify themselves at trial by pseudonyms and permitted the parties and witnesses to use those pseudonyms to refer to the minor victims during the trial. *See United States v. Christopher Hamlett*, Case No. 18-cr-24 (VLB). A similar procedure was followed in a trial before the Hon. Janet C. Hall earlier this year, where the Court permitted the minor victims to be identified during trial by their initials. *See United States v. Toney Kelsey*, Case No. 17-cr-36 (JCH).

public trial guarantee is not absolute, however. '[It] may give way in certain cases to other rights or interests, such as . . . the government's interest in inhibiting disclosure of sensitive information.'") (quoting *Waller v. Georgia*, 467 U.S. 39, 45 (1984)). This procedure is an appropriate balance of the need for a public trial with protecting the sensitive nature of the images and mitigating the harm to minor victim that attends repeated public dissemination of their victimization, and courts routinely restrict the publishing of child pornography to the general audience at trial. *See United States v. Killingbeck*, 616 F. App'x 14, 16 (2d Cir. 2015) (no plain error in the Court's decision not to display child pornography on monitors visible to courtroom spectators, finding that the restriction was narrow, and that "[e]ven assuming that restricting the display of trial exhibits to the courtroom audience constitutes a partial 'closure' for Sixth Amendment purposes, the government presents substantial reasons for doing so - limiting the continuing harm to victims of child pornography."); *United States v. Toschiaddi*, No. NMCCA 200800044, 2009 WL 2151149, at *8 (N-M. Ct. Crim. App. July 16, 2009) (holding that military judge did not violate Sixth Amendment right to a public trial "when [the judge] devised a system whereby the images of child pornography were restricted to computer monitors visible only to the testifying witness, defense and Government counsels', the military judge, and the appellant"); *United States v. Troup*, No. 3:12–CR–36 JD, 2012 WL 3818242, at *6 (N.D. Ind. Aug. 31, 2012) (granting joint government/defense request not to display images to courtroom spectators because "[t]here is no particularly compelling reason why the public would need to see child pornography in the gallery during trial, and it would be detrimental to the minors depicted therein to put their victimization on display"); *see also Paroline v. United States*, 134 S. Ct. 1710, 1727 (2014) ("[E]very viewing of child pornography is a repetition of the victim's abuse.").

**D.  Motion permitting the FBI digital forensic examiner to testify as a lay witness.**

During the trial, the Government expects FBI digital forensic examiner Emanuel Hatzikostas to testify at trial. Although he is a certified forensic examiner, his testimony at trial is not expert testimony that falls under Rule 702 of the Federal Rules of Evidence.

As discussed above, Mr. Hatzikostas will testify on two topics. First he will testify that he reviewed a thumb drive provided by Google with the contents of a Google account with username yehudimanzano25. He will testify he made a copy of the contents, and then reviewed that copy so as not to alter the original drive provided by Google.   He will testify that he located the child pornography video that is the subject of the Indictment. Mr. Hatzikostas will testify about the file name of that video, where the video was located within Google's records (*i.e.* the electronic folder in which it was located), and that he copied that video file onto a disk so it could be introduced as an exhibit at trial.   He will also testify that he created two still images from that video to be introduced as exhibits during trial. He created the still images by simply pausing the video and using software on his computer to create a still image of what was displayed on the video while the video was paused. He will testify that in reviewing the records provided by Google, he located a spreadsheet generated by Google that contains certain information about all the photos and videos that were saved in Mr. Manzano's Google account, including the file creation date. A separate Google custodian of records will testify about the meaning of various fields in the spreadsheet, including the file creation date. Specifically, the Google custodian will testify that the file creation date in their spreadsheet is the date the file is uploaded to Google's servers. During Mr. Hatzikostas's testimony, he will simply point out for the jury the file creation date in the spreadsheet for the child pornography video that is the subject of the Indictment.

Mr. Hatzikostas's testimony in this first topic is purely based on his personal observations

in reviewing the records provided by Google, and is not based on any specialized or technical knowledge. As such, it is not expert testimony under Rule 702.

The second topic that Mr. Hatzikostas will testify about is his examination of Mr. Manzano's Samsung Galaxy phone. Mr. Hatzikostas will testify that he used the Cellebrite forensic software to extract all the data from the phone. The software also generates a report about the phone's contents. Mr. Hatzikostas verified some of the data on the phone by turning on the phone and comparing the data on the phone with the data in the report. He then examined the data extracted from the phone and located a database file with information about the various photographs and videos taken with the phone. Within the database, he observed an entry for a video file with the same filename as the child pornography video that is the subject of the Indictment. The entry listed the date and time the video was captured. Although the date and times were in a different computer format, Mr. Hatzikostas used publicly available software to convert the date and time to a standard date and time format. Finally, Mr. Hatzikostas will testify about various photos he located on the phone, which the Government will introduce as exhibits. The Government will offer testimony through another witness that these photos depict Mr. Manzano.

The Government submits that this testimony is not expert testimony under Rule 702. Indeed, the Second Circuit, addressing the exact question faced here in a recent unpublished opinion, held that an agent's testimony about how he retrieved messages from a cellular phone using Cellebrite and about the contents of those messages did not qualify as expert testimony:

> Special Agent Tortorella explained his training in the use of Cellebrite technology to retrieve text messages and other data from a cellular phone; described how he used Cellebrite to do so in this case; and testified that he confirmed the results by checking the messages on the phone itself. He then testified to the contents of the messages retrieved from the phone. Tortorella did not purport to render an opinion based on the application of specialized knowledge to a particular set of facts; nor did his testimony turn on or require a technical understanding of the programming or internal mechanics of the technology. Accordingly, the district court did not

abuse its considerable discretion in permitting Special Agent Tortorella to testify to these facts pursuant to Rule 602.

*United States v. Marsh*, 568 Fed. Appx. 15, 17 (2d Cir. May 30, 2014); *see United States v. McLeod*, No. 16-50013, 2018 WL 4089599, at *1 (9th Cir. Aug. 28, 2018) (finding that detective's testimony about using Cellebrite software to extract data from a phone was not expert testimony under Rule 702); *United States v. Seugasala*, 702 F. App'x 572, 575 (9th Cir. 2017) ("The officers who followed the software prompts from Cellebrite and XRY to obtain data from electronic devices did not present testimony that was based on technical or specialized knowledge that would require expert testimony."); *see also United States v. Berry*, 318 Fed. Appx. 569, 569 (9th Cir. Mar. 11, 2009) ("The district court did not abuse its discretion in treating the testimony of Agent Beamer as akin to a fact witness rather than an expert. Beamer simply testified to what he found on the hard drive of Berry's computer, without expressing an opinion that required specialized knowledge or offering insight beyond common understanding.").

Accordingly, the Court here should also permit Mr. Hatzikostas to testify as a fact witness and rule that his testimony is not subject to Rule 702.   To the extent the Court determines that his testimony is expert testimony, the Government hereby provides notice under Rule 702, and out of an abundance of caution, the Government will provide the defendant with a copy of Mr. Hatzikostas's *curriculum vitae*.

### E. Motion to preclude evidence and/or argument of the propriety of the Government's prosecution.

The Government anticipates that Mr. Manzano may try to present evidence and cross-examine the Government's witnesses about the reasons and motives behind this criminal prosecution. The charges in the Indictment arose out of a Connecticut state investigation by the Waterbury Police Department. Mr. Manzano was initially criminally charged in Connecticut

Superior Court with second degree sexual assault, and the state case is still pending. After the state charges were filed, the FBI became aware of the investigation, and the Government pursued federal production of child pornography charges against Mr. Manzano. The Government anticipates Mr. Manzano may try to present evidence about the reasons the federal government became involved in the case. Indeed, the defense has identified as a defense witness the Assistant State's Attorney that is prosecuting pending state case, presumably to elicit testimony about whether they referred the case to the FBI to explore federal charges and the reasons why.

The Court should preclude such evidence, as it only invites jury nullification. A defendant "may not argue before the jury issues relating to the overall propriety of the Government's investigation" in a case. *United States v. Demosthene*, 334 F. Supp. 2d 378, 380 (S.D.N.Y. 2004) (citing in *United States v. Regan*, 103 F.3d 1072 (2d Cir.1997)), *aff'd*, 173 F. App'x 899 (2d Cir. 2006). "Specifically, any discussion of the reasoning behind the Government's decision to" bring charges "would be improper." *Id*. Such evidence is irrelevant to the question of a defendant's guilt or innocence, and as such, is inadmissible. Accordingly, the defendant should be precluded from offering evidence or arguing about the motives of either the Government in bringing this case or the State's Attorney in contacting the FBI.

**F.  Motion to preclude evidence under Federal Rule of Evidence 412 of the victim's other sexual behavior or sexual predisposition.**

Pursuant to Rule 412 of the Federal Rules of Evidence, the Government requests that the Court preclude the defense from introducing evidence or cross-examining the Government's witnesses, including the victim, about her sexual behavior or sexual predisposition prior to or subsequent to the sexual act alleged in Count One of the Indictment, which is the charged child pornography.

10

Rule 412, which is entitled "Sex Offense Cases – The Victim," states:

(a) Prohibited Uses. The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:

    (1) evidence offered to prove that a victim engaged in other sexual behavior; or

    (2) evidence offered to prove a victim's sexual predisposition.

(b) Exceptions.

    (1) Criminal Cases. The court may admit the following evidence in a criminal case:

        (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;

        (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and

        (C) evidence whose exclusion would violate the defendant's constitutional rights.

(c) Procedure to Determine Admissibility.

    (1) Motion. If a party intends to offer evidence under Rule 412(b), the party must:

        (A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered;

        (B) do so at least 14 days before trial unless the court, for good cause, sets a different time;

        (C) serve the motion on all parties; and

        (D) notify the victim or, when appropriate, the victim's guardian or representative.

    (2) Hearing. Before admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard. Unless the court orders otherwise, the motion, related materials, and the record of the hearing must be and remain sealed.

Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential

embarrassment and sexual stereotyping that is associated with public disclosure of sexual details." Fed. R. Evid. 412, Advisory Committee Notes.

In this case, Count One of the Indictment alleges that Mr. Manzano produced child pornography on or about August 21, 2016 by filming himself engaged in sexually explicit conduct with the victim, who was a minor. However, the Government's investigation suggests that the minor victim and Mr. Manzano engaged in sexual acts a number of times for approximately a year, both before and after August 21, 2016. The Government does not intend to offer evidence of other occasions when the defendant and the victim engaged in sexual acts.

Pursuant to Rule 412(a), the defendant should be precluding from cross-examining the victim about, or introducing evidence concerning, any other sexual behavior, including other occasions of sexual acts between the defendant and the victim, as it does not fit into one of the narrow exceptions set forth in Rule 412(b) for criminal cases. To the extent the defendant seeks to introduce such evidence under Rule 412(b)(1)(B) to show consent, the Government notes that the victim was 15 years old at the time of the offense and therefore could not legally consent to engage in sexual acts with the defendant under Connecticut state law. *See* Connecticut General Statute § 53a-71(a)(1) (prohibiting a person from engaging in sexual intercourse with another person where "such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person."); *Santapaola v. Ashcroft*, 249 F. Supp. 2d 181, 195 (D. Conn. 2003) (noting that the age of consent to engage in sexual activity in Connecticut is 16 years of age).

Moreover, consent is not a defense to the charge of production of child pornography. *See, e.g.*, *United States v. Sibley*, No. 15-4232, 2017 WL 900112, at *4 (6th Cir. Mar. 7, 2017) (minor victim's consent irrelevant to whether defendant violated § 2251(a)); *United States v. Wells*, 843

F.3d 1251, 1255 (10th Cir. 2016) ("a minor cannot consent to production of child pornography"); *United States v. Raplinger*, 555 F.3d 687, 692 (8th Cir. 2009) ("the district court was correct as a matter of law that consent is not a defense to the crimes charged, [and] it was not an abuse of discretion to exclude the consent evidence."); *United States v. Ballinger*, No. 10-CR-30095 DRH, 2011 WL 797379, at *1 (S.D. Ill. Feb. 28, 2011) (prohibiting defendant from arguing that the alleged's victim's consent is a defense and stating "[m]inors lack the capacity to consent, [] the production of child pornography is always 'without consent[,]' [and] consent is not a defense to the crime charged and is irrelevant."); *United States v. Griffith*, No. 99CR786(HB), 2000 WL 1253265, at *18 (S.D.N.Y. Sept. 5, 2000) ("[18 U.S.C. § 2251] by its plain terms eliminates consent as a defense.").

Finally, even if the victim's prior sexual acts with the defendant were admissible under the exceptions set forth in Rule 412(b), the defendant has not filed a motion or provided notice to the victim to offer such evidence. Rule 412(c) provides that if a defendant seeks to admit evidence pursuant to one of Rule 412's exceptions, he first would need to file a motion at least 14 days before trial and notify the victim, and the Court would need to hold an *in camera* hearing, giving both the parties and the victim right to be heard on whether the evidence should be admitted. *See* Fed. R. Evid. 412(c).

To date, the defendant has not filed any motion seeking to admit evidence under Rule 412 and trial is less than a week away. Accordingly, the Court should preclude the defendant from introducing evidence, cross-examining Government witnesses, or presenting argument on the victim's other sexual behavior or sexual predisposition.

**G.  Motion to preclude evidence of the victim's "consent."**

The Government anticipates that the defendant may advance a defense that the victim consented to engage in sexually explicit conduct with the defendant. The Court should preclude the defendant from advancing such an argument and essentially blaming the victim, a 15-year-old girl, for the exploitation she suffered at the hands of Mr. Manzano, who was 31-years-old at the time. As discussed above, a minor cannot consent to her own sexual exploitation. *See* Connecticut General Statute § 53a-71(a)(1); *Sibley*, 2017 WL 900112, at *4; *Wells*, 843 F.3d at 1255; *Raplinger*, 555 F.3d at 692; *Ballinger*, 2011 WL 797379, at *1 *Griffith*, 2000 WL 1253265, at *18.

To allay any defense concerns that the jury might believe that the defendant forced the victim into the sexual conduct recorded in the video or that the video depicts violent conduct, the Government proposes to elicit from M.M. that she was not forced or threatened to engage in the sexually explicit conduct with Mr. Manzano and that she was a willing participant. The Government submits that no further exploration of the victim's consent is necessary in light of the well-settled law that consent is not a defense to a charge under 18 U.S.C. § 2251(a).

**H.  Motion to preclude evidence under 18 U.S.C. § 3509(k) of the related civil case.**

As the Court is aware, this criminal action is related to a civil case that is pending before this Court in *Y.R. v. Yehudi Manzano*, Case No. 3:18-CV-402(SRU) (the "Civil Case").   Plaintiff Y.R. in the Civil Case is the parent and natural guardian of plaintiff M.M., who is the victim in this criminal case. On March 6, 2018, prior to the return of the Indictment, Y.R. filed a civil complaint against Mr. Manzano, seeking damages on the victim's behalf pursuant to 18 U.S.C. § 2255, which allows a victim of certain enumerated criminal offenses—including the offenses charged in the Indictment (18 U.S.C. §§ 2251 and 2252A)—to file a civil suit to recover damages of no less than $150,000. Both the Indictment and civil complaint (*see* Doc. 1 in Civil Case) make

clear that this criminal case arises out of the same occurrence as the Civil Case: Mr. Manzano's use of his cell phone to create child pornography, specifically, a video of himself engaged in sexually explicit conduct with the victim. For that reason, the Court previously granted the Government's Motion to Intervene and Stay the Civil Case.

The Government requests that the Court preclude the defense from introducing evidence or cross-examining the Government's witnesses, including the victim, about the Civil Case or otherwise mentioning the Civil Case during the trial. Preclusion of mentioning the Civil Case is mandatory under 18 U.S.C. § 3509(k). That statute provides, in pertinent part:

> If, at any time that a cause of action for recovery of compensation for damage or injury to the person of a child exists, a criminal action is pending which arises out of the same occurrence and in which the child is the victim, . . . *any mention of the civil action during the criminal proceeding is prohibited*. As used in this subsection, a criminal action is pending until its final adjudication in the trial court.

18 U.S.C. § 3509(k) (emphasis added). The term "child" is defined as a person "under the age of 18" who is alleged to be "a victim of a crime of physical abuse, sexual abuse, or exploitation[.]" 18 U.S.C. § 3509(a)(2).   The term "sexual abuse" means "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually explicit conduct[.]"   *Id.* § (a)(8).   A victim of a crime of "exploitation" includes a victim of "child pornography[.]" *Id.* § (a)(2).

Here, the victim of the criminal case is the individual for whom damages are being sought in the Civil Case. The victim is a "child," as defined in 18 U.S.C. § 3509(a)(2), because she was (and still is) under 18 years of age and she is the alleged victim of sexual abuse and child pornography. In addition, both cases arise out of the same occurrence: Mr. Manzano's use of his cell phone to create child pornography.

Accordingly, pursuant to 18 U.S.C. § 3509(k), the Court should preclude the defense from

mentioning the Civil Case during the criminal trial.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT   06510
Tel.:    (203) 821-3700 / Fax: (203) 773-5376
Email: neeraj.patel@usdoj.gov

/s/ Sarah P. Karwan
SARAH P. KARWAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct22911
157 Church Street, 25th Floor
New Haven, CT   06510
Tel.:    (203) 821-3700 / Fax: (203) 773-5376
Email: sarah.p.karwan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2018, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

 /s/ Neeraj N. Patel
Neeraj N. Patel
Assistant United States Attorney

16