UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:18-cr-095 (SRU) |
| | : | |
| v. | : | |
| | : | |
| YEHUDI MANZANO | : | October 25, 2018 |

**GOVERNMENT'S OBJECTIONS TO THE
DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The Government respectfully submits this memorandum objecting to the defendant's proposed jury instructions.

**I.    Jury Nullification**

The defendant proposes that the Court provide the jury with a jury nullification instruction informing them that they can return a verdict of not guilty—even if they believe the Government has proven the charges—if they believe the Government has proceeded in an unjust manner by bringing the pending charges or if they believe the sentence consequences are not fair. As set forth in the Government's memorandum in opposition to the defendant's motion to argue jury nullification (*see* ECF 36), such an instruction is improper. The Second Circuit has noted that "[n]ullification is 'a violation of a juror's oath to apply the law as instructed by the court.'" *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir.1997) ("we categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."); *see also United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996) ("We have consistently held that a district court may not instruct the jury as to its power to nullify." (internal quotations and citations omitted)); *United States v. Rosario*, No. 317-CR-551(VLB), 2018 WL 1634392, at *2 (D. Conn. Apr. 4, 2018) ("the Court is prohibited from encouraging nullification.").

The Second Circuit has stated that "trial courts have the duty to forestall or prevent [jury nullification], whether by firm instruction or admonition[.]" *Id.* at 616. Indeed, if the Court suspects a jury may nullify, it can instruct the jury that is has a "duty" to convict if the Government proves a defendant's guilt beyond a reasonable doubt. *See United States v. Moran-Toala*, 726 F.3d 334, 343 (2d Cir. 2013) ("Nor have we faulted a district court for instructing a jury that it has a "duty" to convict if the government proves a defendant's guilt beyond a reasonable doubt."); *United States v. Carr*, 424 F.3d 213, 219–20 (2d Cir.2005) ("Nothing in our case law begins to suggest that the court cannot also tell the jury affirmatively that it has a duty to follow the law, even though it may in fact have the power not to."); *United States v. St. Rose*, No. 11-CR-349 SJ, 2012 WL 1107659, at *2 (E.D.N.Y. Apr. 2, 2012) ("The Court takes seriously its duty to prevent the parties from encouraging jury nullification. Accordingly, the Court will remind jurors of their duty to apply the law as instructed by the Court ... to render a true verdict according to the law and the evidence." (internal quotations and citations omitted)).

Accordingly for the reasons set forth above and in the Government's memorandum in opposition to the defendant's motion to argue jury nullification (*see* ECF 36), the Court should reject the defendant's proposed instruction.

## II.     Production of Child Pornography

The defendant proposes an affirmative defense instruction for mistake-of-age based on the Ninth Circuit's Pattern Jury Instructions. Specifically, the defendant proposes that the Court instruct the jury as follows:

> It is a defense to a charge of sexual exploitation of a child that the defendant did not know, and could not reasonably have learned, that the child was under 18 years of age.

> The Government must disprove beyond a reasonable doubt that the defendant did not know and could not reasonably have learned that the alleged victim was under 18 years of age.
>
> If you find by that the defendant did not know and could not reasonably have learned that the child was under 18 years of age, you must find the defendant not guilty of the charge of sexual exploitation of a child.

The Government objects to such an instruction. First, at least six other circuit courts and other district courts have rejected the Ninth Circuit's view and the mistake-of-age defense in section 2251(a) cases. *See United States v. Henry*, 827 F.3d 16, 23–25 (1st Cir. 2016); *United States v. Fletcher*, 634 F.3d 395, 401–04 (7th Cir. 2011); *United States v. Humphrey*, 608 F.3d 955, 958–62 (6th Cir. 2010); *United States v. McCloud*, 590 F.3d 560, 567–68 (11th Cir. 2009); *United States v. Pliego*, 578 F.3d 938, 943–44 (8th Cir. 2009); *United States v. Malloy*, 568 F.3d 166, 171–76 (4th Cir. 2009); *United States v. McClelland*, No. CRIM.A. 10-10173, 2011 WL 5025025, at *4 (D. Kan. Oct. 21, 2011); *United States v. Villanova-Delgado*, No. CRIM. 11-222 JAF, 2011 WL 4832569, at *2 (D.P.R. Oct. 12, 2011); *see also United States v. Deverso*, 518 F.3d 1250, 1257–58 (11th Cir. 2008) (rejecting defense in section 2251(c) case).

Although the Second Circuit has not specifically addressed whether a mistake-of-age defense is appropriate in production of § 2251 cases, it has made clear that "§ 2251 does not contain a scienter requirement as to the victim's age." *United States v. Griffith*, 284 F.3d 338, 349 (2d Cir. 2002) ("The Supreme Court thus has concluded that § 2251 does not contain a knowledge of age requirement.").

It also bears noting that the Ninth Circuit's Pattern Instruction is based on the Ninth Circuit decision in *United States v. United States District Court*, 858 F.2d 534, 540–42 (9th Cir. 1988). That case, however, was decided before the Supreme Court's decision in *United States v.*

*X-Citement Video, Inc.*, 513 U.S. 64, 77 n.5 (1994), which stated that "producers may be convicted under § 2251(a) without proof they had knowledge of age."

This Court should follow the majority of circuits and decline to give a mistake-of-age instruction.  However, even if the Court decides to follow the minority view and give a mistake-of-age instruction, the defendant's proposed instruction improperly shifts the burden to the Government to disprove the affirmative defense. The Ninth Circuit's Pattern Instruction, based on the *United States District Cour*t case, provides that the "[t]he defendant has the burden of proving by clear and convincing evidence—that is, that it is highly probable—that the defendant did not know and could not reasonably have learned that [name of victim] was under 18 years of age." Ninth Circuit Pattern Instruction 8.186; *United States District Cour*t, 858 F.2d 534, 540 (placing the burden on the defendant to prove the defense by "clear and convincing evidence."). The Government has no burden to prove or disprove the defendant's knowledge of the victim's age. *See Griffith*, 284 F.3d at 349 (rejecting "Griffiths' argument that the district court's charge to the jury omitting scienter of age under § 2251(a) was erroneous.").

### III.     Transportation of Child Pornography

The defendant proposes that the same affirmative defense instruction for mistake of age be provided for Count Two charging transportation of child pornography. With respect to this count, the elements of the offense require the Government to prove beyond a reasonable doubt that the defendant knew that the material he transported was child pornography. *See* Govt.'s Proposed Jury Instructions (ECF No. 42) at 24.  The Government's proposed instructions provide that the Government must show that the defendant had knowledge or an awareness that the material contained a visual depiction of a minor. *Id.*

Thus, no affirmative defense instruction is necessary for this count.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court decline to provide the jury with the defendant's proposed instructions.

        Respectfully submitted,

        JOHN H. DURHAM
        UNITED STATES ATTORNEY

        */s/ Neeraj N. Patel*
        NEERAJ N. PATEL
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. phv04499
        157 Church Street, 25th Floor
        New Haven, CT   06510
        Tel.:   (203) 821-3700 / Fax: (203) 773-5376
        Email: neeraj.patel@usdoj.gov

        */s/ Sarah P. Karwan*
        SARAH P. KARWAN
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. ct22911
        157 Church Street, 25th Floor
        New Haven, CT   06510
        Tel.:   (203) 821-3700 / Fax: (203) 773-5376
        Email: sarah.p.karwan@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 25, 2018, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                          */s/ Neeraj N. Patel*
                          Neeraj N. Patel
                          Assistant United States Attorney