**UNITED STATES DISTRICT COURT**
**DISTRICT ON CONNECTICUT**

| | |
|---|---|
| UNITED STATES : | |
| : | 3:18-CR-00095(SRU) |
| v. : | |
| : | |
| YEHUDI MANZANO : | OCTOBER 26, 2018 |

## DEFENDANT'S REQUEST TO ADJOURN TRIAL AND FOR FURTHER PROCEEDINGS

    The federal government proceeds in this action by way of an indictment returned on May 3, 2018, charging Mr. Manzano with production of child pornography in violation of 18 U.S.C. Section 2251(a) and transportation of child pornography in violation of 18 U.S.C. Section 2252A(a)(1). This is a prosecution arising out of a pending state prosecution of Mr. Manzano. In the state prosecution, Mr. Manzano is charged with second degree sexual assault, a form of statutory rape as the complaining witness in this case was fifteen years old, below the age of consent, when she engaged in voluntary sexual intercourse with the defendant. The state seeks to punish Mr. Manzano for having sex with a minor; the federal government seeks to punish Mr. Manzano for an isolated filming of one encounter on his cellphone. There is no evidence that Mr. Manzano ever distributed the film or that it was ever seen by anyone other than himself before the item was discovered in a search of his cell phone by state officials. He faces a two-year mandatory minimum for the state charge, and a fifteen-year mandatory minimum on the federal production charge.

    The jury for this case was selected on October 12, 2018, and evidence is set to begin on October 29, 2018. The court set a scheduling order for various pre-trial filings, and the parties submitted requests to charge on October 22, 2018, and motions in limine on October 23, 2018. The defendant filed an earlier motion in limine regarding

1

permission to argue jury nullification and to alert the jury to the sentencing consequences of a conviction. On the evening on October 25, 2018, the parties attended a final pre-trial conference with the Court. The issues that arose in that pre-trial persuade the defendant that adjournment of trial is necessary in the interest of justice so that further briefing can take place.

### I. The Government Is Seeking To Amend The Indictment By Adding Theories Of Liability It Had Not Notified The Defense Of In Its Indictment

The indictment reads as follows: Mr. Manzano produced a video file containing child pornography "knowing and having reason to know that: such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce; and such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce; and such visual depiction was transported and transmitted using any means of facility of interstate and foreign commerce and in an affecting interstate commerce." Indictment, Count One.

The author of the indictment presumably took pains to specific what the government was charging. The use of the colon and semi-colons in this sentence can only be read in one way. The defendant knew and had reason to know three things: first, the visual depiction would be transmitted in interstate commerce; the depiction would be produced by items that had moved in interested commerce; the depiction was moved by means of interstate commerce. The knowing of having reason to know language modifies each of the three theories of liability. What's more, the government plead these three forms if liability in the conjunctive, using the term "and" to relate each of them.

The defendant was on notice that the government charged him with knowing or having reason to know that he was charged with creating a depiction with items transported in interstate commerce, and that he used material that had moved in interstate commerce, and that he then transported the item in interstate commerce. The defendant pleaded not guilty to this charge because, in fact, he had no reason to know any of these things. He prepared for trial and made strategic and tactical decisions based on the notice he was given by the government of what it intended to try to proceed.

On October 22, 2018, the government, for the first time, notified the defendant and the court of its intention to proceed on a disjunctive theory. Its request to charge makes clear it believes that Mr. Manzano can be found guilty if he is found guilty of having committed any one of these three acts. At the pre-trial on October 25, 2018, counsel for the government told the court he did not believe that the jury needs to be unanimous as to which theory it selected. This is, candidly, shocking.

The government also made clear its belief that it can now dispense with the "knowing and having reason to know" scienter requirement as to two of the three now severed theories of liability: to wit, use of an item that had moved in interstate commerce, and transporting the item in interstate commerce. The defendant contends this is at variance with the indictment. The defendant also contends that the crime charged is a specific intent crime, and, therefore, as a matter of law, scienter cannot be charged out of the case.

Given the indictment in this case, the defendant had no way of knowing that the government would seek to proceed on these theories. He claims prejudice. Given the stakes, he requests an adjournment.

The defendant is mindful of such cases as *United States v. Rioux*, 97 F.3d 648 (2d Cir. 1996), which authorizes instructions in the disjunctive in the context of a constructively worded indictment. Id., p. 661. But *Rioux* is worlds removed from this case. In *Rioux*, the government plead factual allegations in the conjunctive: the indictment charged prohibited "suspension and termination," while the charge permitted conviction of a finding of either "suspension" or" termination." The defendant was on notice of the misconduct charged, and the manner and means by which he was alleged to have violated the law. There was no such notice here. In this case, the government misled the defendant into defending on grounds of scienter, only to claim, at the stroke of midnight, that scienter was not required at all. The defendant contends he is entitled to actual notice of what the government intends to charge well in advance of trial.

II.     **Given The Pleadings And Representations Of Counsel, The Defendant Will Seek Disclosure Of The Complete Grand Jury Proceedings In This Case In Anticipation Of A Motion To Dismiss**

Based on the pleadings and representations of counsel, the defendant believes he may have grounds to challenge the sufficiency of the indictment. Just what theory of liability did the government present to grand jurors? If the indictment was returned based on a misstatement of law, the defendant would have good grounds to seek to dismiss the case against him. He will need additional time to perfect this claim.

III.    **Further Briefing Is Required On Whether The Underlying State Court Criminal Prosecution Is Relevant In The Federal Prosecution**

The government moved on October 23, 2018, to preclude the defense from introducing evidence of how and why this case was referred from state to federal prosecutors. The court has deferred a ruling on this. The defendant contends that a fully

informed jury has a right, and, indeed, a responsibility, to evaluate the grounds and reasons for a federal prosecution.

As a matter of state law, it is an affirmative defense to possession of child pornography that a person possess three or fewer images. The state may well have declined prosecution regarding the video in this case because it did not believe that it could withstand a motion to dismiss on grounds that the defendant possessed a single brief video. Federal law does not have a quantity affirmative defense. The defense intends to argue that the state did not prosecute because it could not do so in good faith. That the federal government considers it in the public interest to prosecute on this ridiculous misapplication of the commerce clause is an issue that the defendant will argue, if permitted to do so.

He requests additional time to brief this issue prior to trial.

IV. **The Government Seeks To Abridge The Defendant's Sixth Amendment Right to Confront His Accuser**

The government moved on October 23, 2018, to prevent the defendant from cross-examining the complaining witness about her interest in the outcome in this case in reliance on a federal statute, 18 U.S.C. Section 3509(k). The parent and natural guardian of the complainant has filed a civil action pending on this court's docket, seeking damages of no less than $150,000. That statute prohibits mention of the civil suit during the criminal trial. Apparently, there are no reported cases on whether this statute violates the Sixth Amendment right to confront an accuser.

The undersigned is in possession of electronic communications from the accuser in which she told the defendant she would not go to authorities if he gave financial consideration. He did not; she complained to law enforcement. She has now filed suit.

The defendant requests additional time to brief this issue. Simply put, interest in the outcome of a case is never collateral, no matter what Congress may say.

### V. There Is A Split In The Circuits On Whether A Jury Instruction Regarding Reasonable Mistake As To Age Is Appropriate; The Second Circuit Is Silent On This Issue

The defendant submitted a request to charge on October 22, 2018 based, in part, on a Ninth Circuit pattern jury instruction. The government filed an opposition to that request on October 23, 2018, noting that all other circuits considering the propriety of the charge have rejected it. The Second Circuit has not decided the issue.

The defendant intends to defend on grounds of reasonable mistake. He possesses screen shots of his accuser in which she appears to be far older than her stated age. In one communication, she represents her birth date as 1991. Several shots show her appearing to be far older than her stated age, posing in provactive ways. The defendant contends that he was not made aware of her age until he refused to leave his wife on the demand of the accuser. It was then she told him she was 15, that she engaged in open conflict with his wife, that she blackmailed him. The defendant seeks to cross examine on these grounds.

The defendant takes issue with the Ninth Circuit charge on grounds that it transfers the burden of proof to the defendant. He believes the preferred course is to do what is done routinely in Connecticut on defenses of this sort: If the defendant produces some evidence putting the defense before the jury, the burden then falls on the government to disprove the defense beyond a reasonable doubt.

Because this appears to be an issue of first impression in the Second Circuit, because there is a split in the circuits on this issue, and because it raises core due

6

process issues on allocation of the burden of proof, the defendant requests permission to further brief the issue before trial.

**VI.     The Defendant's Fifth Amendment Rights Are Compromised By Parallel Prosecutions Arising From The Same Nucleus Of Operative Facts**

The defendant raises for the first time in this pleading a concern about the potential consequences of the defendant's decision to testify in this proceeding. If the defendant testifies in this case, in defense of federal charges, his admissions may be used against him in the state court proceeding. Upon information and belief, the state-court prosecutor intends to attend the federal trial as a spectator. The use of a federal proceeding to obtain testimonial evidence that the state could not otherwise obtain may be an issue best left to the discretion of the state courts, but the defendant requests permission to brief this issue here. He may seek an order limiting the federal government from using any of the defendant's statements against him in the federal case on grounds that baiting the defendant to respond in derogation of his Fifth Amendment rights would benefit a sister sovereign.

**VII.    If The Government Intends To Proceed On A Theory Of Liability Eliminating Scienter, And If It Intends To Rely On Expert Testimony In Support Of That Theory, The Defendant Will Seek To Challenge The Qualifications Of The Expert**

Based on the manner in which the crime was charged, the defendant prepared his defense as an attack on whether the defendant knew or had reason to know that anything he did involved interstate commerce. There is no evidence to suggest he had any such knowledge: He took a brief video on his cell phone. He stored it in his phone. He promptly deleted it. It remained in his phone. It was distributed to no one. Candidly, if knowledge is an element of the offense, based on the evidence the government has to

date provided, the defendant believes he will be entitled to a motion for judgment of acquittal when the government rests, and regrets the lack of a summary judgment mechanism on the criminal side to challenge the sufficiency of the evidence in this case before it can even to get to a jury.

In its motions in limine filed on October 23, 2018, the government sought permission to offer as a lay witness the testimony of an FBI forensic examiner who reviewed certain material provided by Google, his examination of the defendant's cell phone, and use of "Cellebrite forensic software." The government, incredulously, contends that this in not expert testimony, but is mere lay testimony of a witness reporting his observations. The contention is ridiculous on its face – experts possess skill, education training and experience that permit them to offer opinions on observations. The government offers this witness to explain facts the jury could not understand if they observed them unassisted.

The government retreated from the offer of the agent as a lay witness at the pre-trial on October 25, 2018. The defense is now on notice, for the first time, that this expert will testify. Because the government now intends to proceed on a theory not involving scienter, the defendant needs additional time to decide whether to challenge this expert. He contends that an expert cannot rely on the reports of technology to reach conclusions without violating the defendant's right to confront witnesses against him unless the expert can lay a foundation for the use of the material on which he relies.

The defendant requests additional time to research and brief this issue.

### VIII. The Course Of The Relationship Between The Defendant And His Accuser Is Relevant And Necessary For The Defense

The government moved in its motion in limine on October 23, 2018, that it intends to offer limited evidence of the accuser's sexual relationship with the defendant. The defendant claims surprise by this. The government also moves to preclude the use of any other sexual behavior or predisposition under Federal Rules of Evidence 412, on grounds that the defendant has not provided notice of his intent to rely on such evidence.

The government seeks a selective montage from the long relationship between the defendant and his accuser, seeking to offer no more than brief testimony about the fact that the sexual encounter videotaped was neither coerced nor obtained by means on intimidation – a roundabout way of opening the door to the topic of consent.

The defendant intends to accept the invitation to walk through that door, and herewith provides notice, as required under Federal Rules of Evidence 412, of his intent to offer the evidence under Rule 412(b)(1)(B) and (C): first, the prosecution will offer evidence opening the door to consent if it does what is says it plans to do in its pleadings by offering brief testimony about the lack of coercion; second, the defendant intends to offer evidence in support of his theory of reasonable mistake as to age, claiming it is part of his Sixth Amendment right to present a defense.

The defendant herewith provides notice as directed to do so by the Court at the October 25, 2018 pre-trial of his intent to offer the following:

1. Evidence of the accuser's statements and visual depictions of herself describing her sexual proclivities, age and appetites. These items were contained in various social media accounts and either displayed to the world

9

at large or in private messages sent to the defendant. They are offered to support his claim that he did not believe hewas engaged in an adulterous relationship with a minor, but, rather, that was involved with a woman ready, willing and able to participate in carnal activities he thought beyond the ken of a fifteen-year-old.

2. If the defendant testifies, he will testify as to statements made by his accuser that led him to believe she was older than fifteen-years-old, and was sexually experienced.

The defendant has not provided the social media to the government as he does not intend to offer it in his case in chief. He would use this material only to impeach the accuser if she denied making certain statements or producing certain depictions. He requests permission to withhold them until the time of trial.

In the event the accuser or her guardian objects to the use of this material, the defendant will seek an order precluding her from testifying on grounds that his Sixth Amendment right to confront an accuser is abridged.

He requests additional time to brief this issue.

### IX. The Court Has Yet To Rule On The Defendant's Request To Argue Jury Nullification And To Present Evidence Of The Sentencing Consequences Of A Conviction To The Jury

The defendant has submitted voir dire questions and a request to charge on the topic of jury nullification. He has also moved in limine for permission to place the issues of jury nullification and sentencing consequences before the jury. The court heard brief argument as to the voir dire questions, and the government has filed an opposition to the various requests by the defense. While the court did not voir dire on the topic as

requested by the defense, it has yet to rule on whether nullification is appropriate in this case.

This is the first time in 25 years that the undersigned has made such requests of the court. That is because this prosecution is the most glaring misapplication of federal law the undersigned has ever litigated. Candidly, the prosecution under this law on these facts offends public policy, but, in the event of a conviction, will inevitably yield Eighth Amendment challenges.

The United States Supreme Court has not ruled on nullification in more than a century. The Second Circuit has provided limited guidance in a case nowhere near as outrageous as this. We pride ourselves on the use of juries in this country to protect the accused from a government that overreaches and abuses its power. Even the government acknowledged in its argument at voir dire that juries have the power to nullify; that power is meaningless without permitting them either to know about it or to have the information necessary to use it. This case is an egregious misuse of government power.

The defendant requests a ruling on the nullification issues. If the court agrees to permit it, the government has signaled it may seek a writ of mandamus to challenge the ruling The defendant would welcome the opportunity to brief and argue the issue in that forum. If the court requires additional briefing on the topic, the defendant will be happy to comply.

### X.    Request For Another Pre-Trial

This case was charged during an interregnum in leadership in the United States Attorney's Office. Since the case was filed, John Durham has been appointed. The undersigned requests that this court order another pre-trial and that Attorney Durham be

ordered to appear. The charges and consequences here are in no way warranted by the facts the government seeks to offer. Perhaps the court can use its moral suasion to end this miscarriage of justice. Mr. Manzano faces criminal prosecution in the state courts. Those proceedings have been stayed pending the criminal case. That is where this case started, and where it belongs – any connectition to interstate commerce in this is so attenuated as to raise serious issues under Commerce Clause of the United States Constitution.

    I have discussed the filing of this motion with my client and obtained his consent to file it. If necessary, he will sign a Speedy Trial Waiver.

                              THE DEFENDANT

                              By__/S/__NORM PATTIS /S/_____
                                  NORMAN A. PATTIS
                                  383 Orange Street, Front
                                  New Haven, Ct  06511
                                  203.393.3017
                                  203.393.9745 (fax)
                                  ct 13120
                                  npattis@pattislaw.com

**CERTIFICATION**

   This is to certify that on October 26, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent, via e-mail, to all parties by operation of the Court's electronic filing system, and the undersigned did cause to be sent, via First Class U.S. mail, postage prepaid, a copy of the foregoing to all counsel and pro se parties that do not have access to the Court's electronic filing system and to whom the court directs the undersigned to send a hard copy via mail. Parties may access this filing through the Court's system.

        /s/ NORMAN A. PATTIS /s