UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:18-cr-095 (SRU) |
| | : | |
| v. | : | |
| | : | |
| YEHUDI MANZANO | : | October 26, 2018 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO THE DEFENDAN'T REQUEST TO ADJOURN TRIAL AND FOR FURTHER PROCEEDINGS**

The Government respectfully submits the memorandum in opposition to Mr. Manzano's request to adjourn trial and for further proceedings. The Indictment was returned on May 3, 2018, and Mr. Manzano was arraigned on May 14, 2018. The Government provided its discovery in June 2018. Jury selection was initially scheduled for July 6, 2018, but Mr. Manzano moved to continue the trial, with the Government's consent, to October 2018.

Trial is set to begin in three days. A jury has been selected. The victim—a teenage girl—is understandably very nervous about testifying and having the public hear about the sexual exploitation she suffered at the hands of Mr. Manzano. But she has worked hard to overcome her fears, and she is prepared to testify on Monday as everyone contemplated. Other witnesses, including witnesses travelling from out-of-state, have rearranged their schedules and are prepared to testify on Monday.

Now, with less than three days before trial, Mr. Manzano seeks a continuance. Mr. Manzano's request should be denied.

Mr. Manzano has had enough time to address the issues he now raises for quite some time. For one thing, he claims prejudice because the indictment alleged the three alternative interstate commerce elements in the conjunctive, but the Government's proposed jury instructions provide that the Government need only prove one of the three alternative interstate commerce elements.

This should come as no surprise to Mr. Mazano, and his objection is without merit. "[I]ndictments worded in the conjunctive, charging violations of statutes worded in the disjunctive, can be supported by proof of either of the conjoined means of violating the act." *United States v. Mercado*, 270 F. App'x 23, 25–26 (2d Cir. 2008) (quoting *United States v. Cioffi*, 487 F.2d 492, 499 (2d Cir. 1973); *see, e.g., United States v. Holley*, 831 F.3d 322, 328 n. 14 (5th Cir. 2016) ("It is well-established in this Circuit that a disjunctive statute may be pleaded conjunctively and proved disjunctively." (internal quotation marks and citations omitted)) *cert. denied*, 137 S. Ct. 2118, 198 L. Ed. 2d 203 (2017); *United States v. Pirosko*, 787 F.3d 358, 368 (6th Cir. 2015) ("[i]t is settled law that an offense may be charged conjunctively in an indictment where a statute denounces the offense disjunctively. Upon the trial the government may prove and the trial judge may instruct in the disjunctive form used in the statute."); *United States v. Renteria*, 557 F.3d 1003, 1008 (9th Cir. 2009) ("When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt.")

   Mr. Manzano also takes issue with the Government's position that "knowledge" is only required as to the first of the three alternative interstate commerce elements, and not the second two.   This also should come as no surprise to Mr. Manzano.   The cases that have addressed this issue have held that the "knowledge" requirement only applies to the first of the alternatives; the defendant's "knowledge" is not required if (1) the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce, or (2) the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce. *See, e.g., United States v. Lively*, 852 F.3d 549, 563 (6th Cir.) (holding that the government "was not

required to prove that Lively knew of the interstate or foreign nature of the materials that Norwood-Charlier used to produce child pornography.") *cert. denied*, 138 S. Ct. 366, 199 L. Ed. 2d 265 (2017); *United States v. Warner,* 614 F. App'x 575, 577 (3d Cir. 2015) ("Only the first basis for jurisdiction requires any proof of mental state." (quoting *United States v. Smith*, 459 F.3d 1276, 1289 (11th Cir. 2006)); *United States v. Sheldon*, 755 F.3d 1047, 1050 (9th Cir. 2014) (concluding that "knowledge" only applies to the first jurisdictional hook of § 2251(a)); *United States v. Terrell*, 700 F.3d 755, 759 (5th Cir. 2012) (finding that "the more natural reading of this statute is that knowledge must be proven only as to the first jurisdictional hook"); *see also United States v. Holston*, 343 F.3d 83, 86 (2d Cir. 2003) ("In 1998, Congress amended § 2251 by adding a new jurisdictional basis . . . to extend the statute to cases where proof of the interstate transportation of the depictions, or proof of the pornographer's knowledge as to the interstate transportation, was absent.")

In addition, Mr. Manzano raises claims about his Fifth Amendment rights due to related state and federal prosecutions. If that is an issue—which it is not—Mr. Manzano could have raised the issue in May, when the indictment was returned. Instead he waited until the eve of trial to raise this issue.

Finally, Mr. Manzano argues he needs more time to raise the Rule 412 issues about the victim's other alleged sexual behavior. It appears that Mr. Manzano has had the evidence he wishes to introduce for months. He could have provided the required notice under Rule 412 long ago. He did not. Now he wishes to adjourn trial—after the jury has already been selected—claiming he needs more time to brief this issue.

Mr. Manzano's motion appears to be nothing more than a delay tactic to avoid trial. This case has been pending long enough. The public and the victim in this case have a right to a speedy

trial. Indeed, under the Justice for All Act of 2004, a crime victim has "the right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a). Granting another continuance is inconsistent with these goals.

This case involves a teenage girl who has been sexually exploited at the hands of Mr. Manzano. The victim and the public have an interest in ensuring that those who sexually exploit children and film that abuse are swiftly brought to justice.

Accordingly, Mr. Manzano's motion should be denied.

## CONCLUSION

For the forgoing reasons, the Government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT   06510
Tel.:   (203) 821-3700 / Fax: (203) 773-5376
Email: neeraj.patel@usdoj.gov

*/s/ Sarah P. Karwan*
SARAH P. KARWAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct22911
157 Church Street, 25th Floor
New Haven, CT   06510
Tel.:   (203) 821-3700 / Fax: (203) 773-5376
Email: sarah.p.karwan@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2018, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        */s/ Neeraj N. Patel*
                                        Neeraj N. Patel
                                        Assistant United States Attorney