UNITED STATES DISTRICT COURT
DISTRICT ON CONNECTICUT

| | |
|---|---|
| UNITED STATES | : |
| | :     3:18-CR-00095(SRU) |
| v. | : |
| | : |
| YEHUDI MANZANO | :     OCTOBER 27, 2018 |

**DEFENDANT'S FRE 412 NOTICE**

The federal government proceeds in this action by way of an indictment returned on May 3, 2018, charging Mr. Manzano with production of child pornography in violation of 18 U.S.C. Section 2251(a) and transportation of child pornography in violation of 18 U.S.C. Section 2252A(a)(1). This is a prosecution arising out of a pending state prosecution of Mr. Manzano. In the state prosecution, Mr. Manzano is charged with second degree sexual assault, a form of statutory rape as the complaining witness in this case was fifteen years old, below the age of consent, when she engaged in voluntary sexual intercourse with the defendant. The state seeks to punish Mr. Manzano for having sex with a minor; the federal government seeks to punish Mr. Manzano for an isolated filming of one encounter on his cellphone. There is no evidence that Mr. Manzano ever distributed the film or that it was ever seen by anyone other than himself before the item was discovered in a search of his cell phone by state officials. He faces a two-year mandatory minimum for the state charge, and a fifteen-year mandatory minimum on the federal production charge.

In its motion in limine dated October 23, 2018, the government represented that it intends to offer limited evidence of the accuser's sexual relationship with the defendant, apparently offering a videotape of a voluntary sexual encounter retrieved from the defendant's phone. The defendant claims surprise by this. The government

also moves to preclude the use of any other sexual behavior or predisposition under Federal Rules of Evidence 412, on grounds that the defendant has not provided notice of his intent to rely on such evidence.

If the government offers evidence that the encounter it intends to over was not coerced or otherwise a product of undue influence, the defendant contends that this is the functional equivalent of consent, and, therefore, the course of the relationship between the parties is admissible under FRE 412(b)(1)(C). If the government does not open the door to consent evidence by way its questioning, the defendant will seek to offer evidence of the course of the couple's relationship on two theories: first, the the defendant and his accuser were involved in a year-long intimate relationship in which the accuser lied about her age, and second, that the accuser expected the defendant to leave his wife for her, and, only when it was apparent that he was not going to do so did she reveal her age to him and to his wife, in an effort to break up the marriage. She then threatened to go to law enforcement unless the defendant paid her money.

The defendant provides notice, as required under Federal Rules of Evidence 412, of his intent to offer the evidence under Rule 412(b)(1)(B) and (C): first, the prosecution will offer evidence opening the door to consent if it does what is says it plans to do in its pleadings by offering brief testimony about the lack of coercion; second, the defendant intends to offer evidence in support of his theory of reasonable mistake as to age, claiming it is part of his Sixth Amendment right to present a defense

The defendant has in his possession a series of screenshots of various social media postings by the accuser, appearing under the name M.M., and several other pseudonyms. He does not intent to offer them in his case in chief. Rather, he will use them in cross-examination of the accuser..

1. The accuser told that defendant that she was previously married and had children by her former husband. This is offered to show a reasonable mistake as to age on the defendant's behalf.

2. The defendant and accuser had sexual relations approximately six times per week in the year leading up to the break-up of the relationship, This is offered to show the length of the relationship, the justified expectations of the accuser that the defendant was, in fact, seriously contemplating leaving his wife for her, and as a foundation for the accuser's angry efforts to extort him.

3. The accuser tried to break up the defendant's marriage by disclosing to the defendant's wife the location of a sexual encounter in the home of the defendant's mother. (Upon information and belief, this is the same incident that was videotaped, but the undersigned is not certain this is the case.) This will be offered to show the accuser's bias, motive and interest in the outcome of the litigation.

The defendant does not intend to offer evidence of other sexual activity with other men or to offer graphic testimony about the nature of the sexual activities between the accuser and the defendant unless the accuser opens the door to such testimony.

THE DEFENDANT

By /S/ NORM PATTIS /S/
NORMAN A. PATTIS
383 Orange Street, Front
New Haven, Ct 06511
203.393.3017
203.393.9745 (fax)
ct 13120
npattis@pattislaw.com

## CERTIFICATION

This is to certify that on October 27, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent, via e-mail, to all parties by operation of the Court's electronic filing system, and the undersigned did cause to be sent, via First Class U.S. mail, postage prepaid, a copy of the foregoing to all counsel and pro se parties that do not have access to the Court's electronic filing system and to whom the court directs the undersigned to send a hard copy via mail. Parties may access this filing through the Court's system.

/s/ NORMAN A. PATTIS /s