UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | Case No. 3:18-cr-095 (SRU) |
|---|---|---|
| v. | : | |
| YEHUDI MANZANO | : | February 24, 2020 |

**MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America (the "Government") respectfully requests that the Court order that the time until the new June 5, 2020 jury selection date be excluded from the calculation of the time within which the trial must commence under the Speedy Trial Act. As is discussed more fully below, "the ends of justice served by [setting a June 5, 2020 jury selection date] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A proposed order is attached to this motion.

The Government contacted counsel for the defendant last week to see if he has any objection to the granting of this motion or the proposed order, but counsel has not yet responded. However, the defendant has executed and filed a waiver of his right to a speedy trial under the Speedy Trial Act and requested jury selection be postponed until June 5, 2020. *See* ECF No. 91.

**I.    Relevant Background**

On May 3, 2018, a grand jury returned a two-count indictment in this case charging the defendant with production of child pornography and transportation of child pornography. ECF No. 1.    Jury selection was held on October 12, 2018, *see* ECF No. 38, and trial was scheduled to commence on October 30, 2018. ECF No. 50. On October 29, 2018, the case was stayed while the Government filed a petition for a writ of mandamus with the Second Circuit Court of Appeals. ECF No. 58. On December 18, 2019, the Second Circuit issued an opinion granting in part and denying in part the petition. ECF No. 76. The Government then filed a motion to set a new trial

date. ECF No. 75. The Second Circuit's mandate was issued on February 7, 2020. ECF No. 81. On February 11, 2020, the Court lifted the stay, and on February 13, 2020, the Court held a telephonic status conference with the parties to discuss a new trial date. ECF Nos. 81, 86.

In the Government's motion to set a new trial date, the Government requested that the Court enter an order excluding the time until the new trial date from the Speedy Trial Act calculations. ECF No. 75 at 2. The Government indicated that excluding time would serve the ends of justice because more than a year has passed since the case was stayed and the parties would need additional time to effectively prepare for trial, taking into account the exercise of due diligence. *Id.*

In addition, during the February 13 telephone conference, counsel for the defendant indicated that the defense may seek further review of the Second Circuit's decision by filing a petition writ of *certiorari* with the Supreme Court. Counsel indicated that the deadline for filing such a petition was April 30, 2020.

During the conference, the parties and the Court ultimately agreed to schedule jury selection for June 5, 2020 with trial to commence on June 15, 2020. The Court then turned to the Government's request to exclude the time until the new trial date from the Speedy Trial Act calculations. The Government indicated that an ends of justice finding to exclude time would be appropriate in order to give the parties time to effectively prepare for trial and to allow time for the defendant to seek further review of the Second Circuit's decision. The Court asked if the defendant consented to waiving his rights under the Speedy Trial Act. Counsel indicated he needed to confer with the defendant, and the Court asked counsel to file a waiver within a week.

Following the conference, the Court entered a calendar entry on the docket setting jury selection for June 5, 2020 and trial for June 15, 2020. ECF No. 86. The Court also entered an order

denying as moot the Government's motion to set a trial date. ECF No. 87.

On February 19, 2020, the defendant executed a speedy trial waiver in which he waived his right to a speedy trial and requested that jury selection be postponed until June 5, 2020. *See* ECF No. 91.[1]

## II. <u>Legal Argument</u>

The Speedy Trial Act, as codified at 18 U.S.C. § 3161, permits the Court to exclude the time within which trial must commence from the Speedy Trial Act calculation if the judge finds that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). To do so, the Court must set forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial. *Id.* The factors, among others, for the Court to consider are set forth in 18 U.S.C. § 3161(h)(7)(A) and include (1) if the case is unusual or complex, the time needed for the adequate preparation for pretrial proceedings or trial to due novel questions of fact or law, and (2) if the case is not unusual or complex, the reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B). General congestion of the Court's calendar, however, is not a basis for excluding time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(8).

Moreover, under *Zedner v. United States*, 547 U.S. 489, 500 (2006), a defendant's waiver alone does not serve to exclude time under the Speedy Trial Act because "a defendant may not prospectively waive the application of the Act." While courts often require defendants to file such waivers to make sure they understand their rights, courts must still make on-the-record findings to exclude time based on the statutory factors and balancing of interests set forth in 18 U.S.C.

---

[1] The defendant had signed a waiver on February 14, 2020, *see* ECF No. 89, but it contained a typographical error that indicated the jury selection date was October 2018, instead of June 5, 2020.

§ 3161(h)(7). *Id.* Indeed, as the Second Circuit has held, "the [Speedy Trial Act] does not include the defendant's consent among the factors a court must consider" and "a district court may grant a continuance sought by counsel without the consent of the defendant so long as the district court determines that the ends of justice would be served based upon its analysis of the factors articulated in 18 U.S.C. § 3161(h)(7)(B). *See United States v. Lynch*, 726 F.3d 346, 355-56 (2d Cir. 2013).

Based on the facts here, the Court has grounds to find that the time from February 13, 2020 (which was the date of the telephone status conference) until June 5, 2020 should be excluded from the speedy trial clock. A significant period of time has passed since the case was stayed, and the parties will need time to review the case materials, coordinate with witnesses, and file any additional motions *in limine* and revisions to proposed jury instructions based on the Second Circuit's ruling on the writ of mandamus. Accordingly, as the Government indicated in its motion to set a trial date and during the status conference, an ends of justice finding to exclude time would be appropriate under the 3161(h)(7) factors in order to allow the parties time to effectively prepare for trial and to allow the defendant time to seek further review in the Supreme Court of the legal questions raised in the Second Circuit's December 18, 2019 decision, which is part of his preparation for trial.

Moreover, although the Court did not make on-the-record ends of justice findings during the call and denied as moot the Government's request to exclude time under the Speedy Trial Act, it appears that the Court had taken into account some of the above considerations, including time for the defendant to file his petition for review with the Supreme Court, among other reasons, in setting the June 5 jury selection date. Accordingly, the Court should exclude the entire time from the date of the February 13 status conference to June 5. *See Zedner*, 547 U.S. at 506-07 (noting that the required ends-of-justice findings "must be made, if only in the judge's mind, before

4

granting the continuance" provided they are "put on the record by the time a district court rules on a defendant's motion to dismiss under 3162(a)(2)."); *United States v. Breen*, 243 F.3d 591, 97 (2d Cir. 2001) (holding that time may be properly excluded, even where a judge does not recite the statutory factors, explicitly perform the required balancing of interests, or "utter the magic words 'ends-of-justice' at the time of ordering the continuance[,]" if the record demonstrates that a district court considered the factors and performed the balancing of interests before granting the continuance.).

### III.     Conclusion

For the reasons set forth above, the Government respectfully requests that the Court enter an order pursuant to 18 U.S.C. § 3161(h)(7)(A) excluding the time from and including February 13, 2020 through June 5, 2020 in computing the time within which a trial must begin under the Speedy Trial Act, and finding that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. A proposed order is attached to this motion.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT   06510
Tel.:   (203) 821-3700 / Fax: (203) 773-5376
Email: neeraj.patel@usdoj.gov

5

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 24, 2020, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                         */s/ Neeraj N. Patel*
                                         Neeraj N. Patel
                                         Assistant United States Attorney