UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>YEHUDI MANZANO | No. 3:18-cr-95 (SRU) |

## RULING AND ORDER

Yehudi Manzano ("Manzano") is charged in an Indictment with: Production of Child Pornography in violation of 18 U.S.C. § 2251(a) (Count One), and Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1) (Count Two). *See* Doc. No. 1.

The government now moves to exclude time under the Speedy Trial Act. *See* Gov't Mot. (Doc. No. 92) at 1. Specifically, the government requests an order excluding the period from February 13, 2020 until June 5, 2020 from the calculation of time within which Manzano's trial must commence under the Act. The government's motion rests on two grounds: (1) the parties need additional time to prepare for trial, and (2) an ends of justice finding would allow Manzano time to seek further review in the Supreme Court.

I conclude that the present record does not support a finding that the parties need additional time to prepare for trial. Nevertheless, the ends of justice served by granting a continuance for Manzano to seek *certiorari* with the Supreme Court outweigh the best interest of the public and Manzano's interest in a speedy trial.

Therefore, the motion is **granted**.

**I.     Background**

On May 3, 2018, a grand jury returned a two-count indictment, charging Manzano with (1) Production of Child Pornography and (2) Transportation of Child Pornography. *See* Doc.

No. 1.  A jury was selected and trial was scheduled to begin on October 30, 2018.  *See* Doc. No. 50.  On October 29, 2018, I granted the government's emergency motion to stay while the government filed a petition for a writ of mandamus with the Second Circuit.  *See* Doc. No. 58.  The Second Circuit's mandate was issued on February 7, 2020.  *See* Doc. No. 81.  On February 11, 2020, I lifted the stay, and on February 13, 2020, I held a status conference on the record to set new trial dates.  *See* Doc. Nos., 83, 85.  During the conference, I scheduled jury selection for June 5, 2020 and scheduled trial to begin on June 15, 2020.  *See* Doc. No. 86.

**II.    Discussion**

The Speedy Trial Act, codified at 18 U.S.C. § 3161, allows district courts to exclude the time within which a trial must commence if the judge finds that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).  The factors a judge should consider when making an ends of justice finding include, among others:

> (1) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (2) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section;
>
> (3) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

The government contends that based on the facts presented, there are grounds for an ends of justice finding. In its motion, the government requests that the time from February 13, 2020 until June 5, 2020 be excluded from the speedy trial clock. *See* Gov't Mot. at 4. First, the government contends that an ends of justice finding would allow the parties additional time to effectively prepare for trial. "A significant period of time has passed since the case was stayed, and the parties will need time to review the case materials, coordinate with witnesses, and file any additional motions *in limine* and revisions to proposed jury instructions." *Id*

I am not persuaded. The parties in this case were prepared to go to trial on October 30, 2018. On October 29, 2018, on the eve of trial, the government moved for an emergency stay. By that date, a jury was picked, motions in limine were fully briefed, and witnesses were set to testify. In its motion, the government has not established that it now needs additional time to prepare its case. As the Supreme Court has held, a request to exclude time based on pretrial motion preparation, "is not automatically excludable under [18 U.S.C. § 3161] subsection (h)(1)." *Bloate v. United States*, 559 U.S. 196, 215 (2010). Instead, such requests may be granted under subsection (h)(7), which "requires specific findings." *Id*. at 213.

Here, the government contends that it needs additional time to review trial materials that it has previously prepared. The government was fully prepared to go to trial on October 30, 2018. The case is a not especially complex. Little time should be required for trial preparation. Therefore, I conclude that an ends of justice finding based on that ground is not warranted.

The government also contends that excluding the requested time would allow Manzano "time to seek further review in the Supreme Court of the legal questions raised in the Second Circuit's December 18, 2019 decision." Gov't Mot. at 4. I agree for two reasons.

3

First, a continuance allowing Manzano additional time to file a petition for writ of *certiorari* with the Supreme Court outweighs his interest in a speedy trial. Manzano does not oppose the jury selection and trial dates, which were selected because they are convenient for all counsel and the Court. Manzano has also filed a speedy trial waiver. *See* Doc. No. 91. Second, a continuance based on Manzano's petition to the Supreme Court outweighs the public interest in a speedy trial. Indeed, the public interest is served by having such a rarely litigated issue presented to the Supreme Court. Accordingly, I find that the ends of justice served by excluding the requested time outweigh the best interest of the public and the interest of Manzano in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(B).

**Conclusion**

For the foregoing reasons, the government's motion (doc. no. 92) is **granted**. The period from February 13, 2020 to June 5, 2020 is excluded under the Speedy Trial Act.

So ordered.

Dated at Bridgeport, Connecticut, this 9th day of March 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge