UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:18-CR-00095(SRU) |
| | : | |
| v. | : | |
| | : | |
| YEHUDI MANZANO | : | June 17, 2022 |

## **DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

On March 2, 2022, Mr. Manzano pled guilty to one count of Transportation of Child Pornography in violation of 18 U.S.C. § 2252(a)(1). The case has had an unusual history. On the eve of trial, the Court granted certain defense motions holding open the possibility that counsel for Mr. Manzano might be given permission to argue jury nullification in this case. The Government sought a stay and filed a writ of mandamus in the United States Court of Appeals for the Second Circuit. The Second Circuit ruled in favor of the Government, holding that the defendant could not argue jury nullification. *United States v. Manzano (In re United States)*, 945 F.3d 616 (2019). The United States Supreme Court denied certiorari in November 2020. By that time, the COVID-19 pandemic had struck, and the case lingered as courts scrambled to determine how to conduct business while attending to the public health. Mr. Manzano faces a mandatory minimum of five years and a maximum of twenty years' imprisonment, with five years to lifetime supervision, a maximum fine of $250,000, a special assessment of $5,000 pursuant to 18 U.S.C. § 3014, and mandatory restitution pursuant to 18 U.S.C. § 2259.

This case started as a simple case of statutory rape and was prosecuted accordingly by the office of the Waterbury State's Attorney. Under the provisions of Connecticut General Statutes § 53a-71, the crime of sexual assault in the second degree involves sexual intercourse with a person between the ages of 13 and 16 with a person

more than three years older than the minor. The offense carries a mandatory period of incarceration of nine months. Mr. Manzano, faced with imprisonment, would not agree to a plea on the theory that the intercourse he engaged in with the alleged victim was consensual – a mistaken, but deeply held, belief about the law at odds with the conception of "statutory" rape.

The case was being prepared for trial when the State examined a video in Mr. Manzano's phone that showed him engaged in intercourse with the minor. Mr. Manzano recorded the video and promptly deleted it. Nonetheless, the image entered interstate commerce when it went from his device to the "cloud" as part of his phone automatic back-up procedures. The federal government stepped in and charged significant offenses carrying a substantial mandatory minimum penalty of 15 years' imprisonment. Mr. Manzano refused to plead to these charges as well. He entered the plea on the instant charge after prolonged appeals and negotiations. He has also pled guilty in state court, and will, by agreement with state prosecutors, be sentenced in state court to a sentence to run concurrently with the federal sentence imposed here.

Counsel for Mr. Manzano urges the Court to impose the minimum possible sentence and to find that Mr. Manzano lacks the means to pay a fine.

## I.     Nature of the Offense

The alleged victim in this case contends that for a year she and Mr. Manzano were "dating and in a sexual relationship" while she was fifteen, and, perhaps, fourteen years old. She made her complaint to the Waterbury Police Department while in the presence of her parents. PSR, para. 11. More than one year after his arrest, federal officials determined that Mr. Manzano had filmed one sexual encounter, and that, although the

film was no longer on the defendant's phone, it had been uploaded to a Google Photos account. *Id*., para. 27. The video was transported in interstate commerce to Google servers outside of Connecticut. *Id*., para. 28. The victim confirmed that it was a video of her when shown the video by federal agents. *Id*., para. 29. There is no evidence that anyone other than law enforcement agents, the alleged victim, and Mr. Manzano ever viewed the video.

## II.     Character of the Defendant

Aside from the plea to the conduct at issue in this case in state court, Mr. Manzano has no criminal history. He is 37 years old, and is one of three siblings. He was born in Puerto Rico and moved with his family to Santo Domingo as a child. He has lived in Connecticut since 2000. *Id*., paras. 54-57. Although married, he is currently separated from his wife. He has two children, ages 11 and 17. His wife is pregnant and is expecting another child. *Id*., para. 61. Despite the marital difficulties, Mrs. Manzano reports that Mr. Manzano has been a good husband and an "extremely good father." The couple expects Mr. Manzano's extended family to assist his wife and children while he is imprisoned. *Id*., para. 61-62. He is in generally good physical and mental health, although the stress of the state and federal prosecutions has undoubtedly taken its toll. He has maintained steady and gainful employment. *Id*., paras. 73-79. Although the author of the PSR contends he has not met his burden of demonstrating an inability to pay a fine, *Id*., para. 85, the undersigned contends that the employment history reported, together with the Equifax credit report and Accurint database report on judgments against him, *Id*., paras. 83-84, support an inference that he lacks the ability to pay a fine. *Id*., para. 84.

### III.     Guidelines Calculation and PSR Recommendation

The Guidelines calculation yields a total offense level of 33. In a regime in which Guidelines sentences were mandatory, the undersigned might contend that the base offense level of 32 is too high. The solitary video capturing the sexual encounter was not distributed, and is more in the form of a momento or personal keepsake. Its immediate destruction supports an inference that it was not shared because its creator did not lure the victim into an encounter with the purpose of producing a video depiction of child pornography and did not have the purpose of transmitting to anyone other than himself a live depiction of sex with a minor. *Id.*, para. 35. Similarly, under the circumstances of this case, the undersigned believes the two-point enhancements at paragraphs 36 and 37 are duplicative and amount to double counting of the same conduct. *Id.*, paras. 36 and 37.

The defendant agrees that three points for acceptance of responsibility are appropriate in this case.

Because the undersigned is asking for a non-guidelines sentence in this case, he will not assert an alternative guidelines calculation. Such a calculation would still exceed the mandatory minimum sentence the defendant urges in this case.

A criminal history category of one is appropriate.

### IV.     Argument

It is well established that the Court must consider the factors set forth in 18 U.S.C. § 3553(a) in fashioning a sentence.  An appropriate sentence must be "sufficient, but not greater than necessary" to accomplish the purposes set forth in the statute. While it is the fashion to include pages of quotations reciting *United States v. Booker*, 543 U.S. 220 (2005), *United States v. Crosby*, 397 F.3d 103 (2005), *Rita v. United States*, 551 U.S. 338

(2007), and *Gall v. United States*, 552 U.S. 38 (2007), this court is familiar with the law. Given the relatively finite range of available sentences, the defendant limits his discussion to relevant personal and offense characteristics that support a sentence of less than the minimum Guidelines recommendation.

The PSR recommends a series of sexual offender treatments and programs. Mr. Manzano objects. Despite the PSR writer's conclusion, there simply is no evidence of Mr. Manzano's "sexual deviances." *Id.*, para. 134. Yes, he engaged in a consensual sexual relationship with a minor. As a matter of law, that is prohibited.[1]

Mr. Manzano is a man of limited education. He has no criminal history. There is no evidence that but for the troubling extra-marital relationship he had with the alleged victim he is a good father and a good husband. His family stands by him.

In the instant case, the defendant took a video he should not have taken. He downloaded it, and the image traveled in interstate commerce. The image was promptly deleted, and was shared with no one. The undersigned remains as confounded by this federal prosecution as he was at the time he urged this Court to let him tell the jury it had the right to reject a misapplication of the law. But the Second Circuit has spoken, and the Supreme Court has refused to consider the matter. As a matter of law, the undersigned

---

[1] This Court is undoubtedly familiar with the fact that, at the time of the founding, the age of consent was as low as nine years old, but typically in the range of 12 to 13 years old in the colonies. That changes incident to the industrial revolution and the migration of young women from rural areas to industrial centers in cities. Advocates supported higher ages for consent during the nineteenth century. They became our law.  The undersigned contends that statutory rape is an example, in some cases, of *malum prohibitum* rather than *malum in se*. In this case, there is no question that the conduct in question in the underlying state court charges was consensual, even if the alleged "victim" could not, as a matter of law, consent. The record is clear that as a matter of fact the young woman did consent.

concedes, regretfully, that this Court must impose the mandatory minimum of five years in this case. The defendant requests that sentence be imposed, and that no fine be imposed, and that there be no special conditions be imposed on Mr. Manzano.

### V.      Conclusion

No criminal defense lawyer wants to be in the position of advocating in favor of incarceration for a client. In this case, the undersigned recognizes with a heavy heart the likely necessity of imprisonment. Even so, the undersigned continues to believe that the unique circumstances of this case, make this federal prosecution a miscarriage of justice.

By: /s/ Norman A. Pattis /s/
NORMAN A. PATTIS
Federal Bar No. ct13120
383 Orange Street
New Haven, CT 06511
203-393-3017
203-393-3017
npattis@pattisandsmith.com

**CERTIFICATION**

This is to certify that on June 17, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent, via e-mail, to all parties by operation of the Court's electronic filing system, and the undersigned did cause to be sent, via First Class U.S. mail, postage prepaid, a copy of the foregoing to all counsel and pro se parties that do not have access to the Court's electronic filing system and to whom the court directs the undersigned to send a hard copy via mail. Parties may access this filing through the Court's system.

/s/ NORMAN A. PATTIS /s/