UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:18-cr-095 (SRU) |
| | : | |
| v. | : | |
| | : | |
| YEHUDI MANZANO | : | June 20, 2022 |

### UNITED STATES'S SENTENCING MEMORANDUM

The Government respectfully submits this memorandum in aid of sentencing in the above-captioned case.

### I.     FACTUAL BACKGROUND

The Government agrees with the offense conduct and relevant conduct set forth in the Pre-Sentence Report ("PSR").  PSR ¶¶ 10-30.  In summary, on or about August 21, 2016, Mr. Manzano used his mobile phone to produce a video of child pornography, specifically a video depicting Mr. Manzano, who was 31 years old at the time, having sex with a 15-year-old girl ("Minor Victim" or MV"). The video was then uploaded and saved to Mr. Manzano's Google Photos account.

According to MV, they had been in a sexual relationship and had sex multiple times a week for over a year, beginning in November 2015 when she was only 14 years old and continuing to October 2016. In recorded phone conversations from September 2016, Mr. Manzano and MV state that they love each other, they engage in sexual conversations, and they discuss Mr. Manzano sneaking into MV's home late at night to sleep together.

Mr. Manzano was well-aware of MV's young age.  Not only was Mr. Manzano familiar with MV's family but the Government recovered videos in which Mr. Manzano is explicitly reminded of the MV's age. Specifically, law enforcement located a video on Mr. Manzano's mobile phone that was taken on October 13, 2015, ten months before Mr. Manzano recorded

himself having sex with MV. The video depicts MV, Mr. Manzano, his wife, and his son, all sitting together and talking in his residence. In the first minute of the video, while Mr. Manzano is filming the video, his wife states that MV is only 14 years old. Then later in the video, again while Mr. Manzano is filming, MV states she is 14 years old.

MV's statement to law enforcement describes how this sexual interaction turned dark and frightening:

> [S]ometimes when Mr. Manzano got mad at [the Minor Victim], he took his gun out and pointed it at her. The Minor Victim described one such incident in September 2016. She described how one day she was talking to a male friend of hers in her home. Mr. Manzano was in the home talking to Minor Victim's mother and saw the male. The next day, Mr. Manzano came to the Minor Victim's home when her parents were not home. According to the Minor Victim, Mr. Manzano took his gun out of his holster, pointed the gun at the Minor Victim's vagina, and said something along the lines of "if you keep playing with me you['re] gonna see what is gonna happen." The Minor Victim felt really scared at that moment. Mr. Manzano then told the Minor Victim not to talk to her male friend anymore and he started going through her phone looking to see if she had contacted her friend

PSR ¶ 13.  One month later, MV disclosed the sexual interactions to the police.

## II.    PROCEDURAL HISTORY AND PRE-SENTENCE REPORT

On November 10, 2016, Mr. Manzano was arrested by local police in Waterbury and charged in Connecticut Superior Court with sexual assault of a minor in the second degree, illegal sexual contact with a minor, possession of child pornography, and threatening. PSR ¶¶ 21, 49. Federal law enforcement later adopted the case, and on May 3, 2018, a federal grand jury returned a two-count indictment in this case charging Mr. Manzano with production of child pornography, in violation of 18 U.S.C. § 2251, and transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1).

On March 2, 2022, Mr. Manzano pleaded guilty to the federal charge of transportation of child pornography.[1] PSR ¶ 1. Mr. Manzano also pleaded guilty in Connecticut Superior Court to sexual assault of a minor in the second degree, in violation of Conn. Gen. Stat. 53a-71(a)(1), and illegal sexual contact with a minor, in violation of Conn. Gen. Stat. 53-21(a)(2). PSR § 49. Mr. Manzano is awaiting sentencing in the state case, and according to defense counsel, Mr. Manzano and the state have agreed to a five-year sentence in the state case.

On the federal charge of transportation of child pornography, Mr. Manzano faces a mandatory minimum term of imprisonment of 5 years and a maximum term of imprisonment of 20 years. PSR ¶ 86. He also faces a term of supervised release of five years to life, a maximum fine of $250,000, a $100 mandatory special assessment, and an additional $5,000 assessment. PSR ¶¶ 91-97. In addition, as part of his plea agreement, Mr. Manzano agreed to the additional Special Conditions of Supervised Release outlined in the rider to the plea agreement, which are consistent with the recommended conditions in the PSR. *See* Plea Agreement at 2, 14-16; PSR ¶ 110-130. He also agreed to forfeit his interest in a Samsung Galaxy phone, which he used to commit the offense.[2] *See* Plea Agreement at 2-3, 12; PSR ¶¶ 27, 99.

The Government agrees with the Sentencing Guidelines calculation in the PSR, which is the same calculation that the parties agreed to in the plea agreement. The PSR calculated Mr. Manzano's total offense level under the Federal Sentencing Guidelines to be 33. PSR ¶ 45.[3] The PSR also determined that Mr. Manzano is in Criminal History Category I. PSR ¶ 50. As a result,

---

[1] As set forth in the plea agreement, after sentencing the Government will move to dismiss the count charging production of child pornography.

[2] The Government has separately filed a motion for forfeiture.

[3] At sentencing, the Government intends to make a motion that the Court award the third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

the PSR concluded that Mr. Manzano faces a Guidelines range of 135 to 168 months of imprisonment, a term supervised release of five years to life, and a fine range of $35,000 to $250,000. PSR ¶¶ 87, 92, 97.

### III.    DISCUSSION OF SENTENCING AND 3553(a) FACTORS

The Government respectfully requests that the Court impose a just and appropriate sentence of imprisonment at or above the mandatory minimum sentence of five years, followed by a period of supervised release of at least five years.  Such a sentence will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, while also affording adequate deterrence to future criminal conduct, and it will take into account Mr. Manzano's history and characteristics, including any mitigating circumstances.

In this case, Mr. Manzano's offense was a very serious one. He was in a physical sexual relationship with a young teenage girl. He filmed himself having sex with the girl and then saved the video in his online Google Photos account. MV was not threatened or forced to begin the sexual interaction with Mr. Manzano. Instead, Mr. Manzano groomed and preyed on the emotions of this young teenager by befriending her and her parents.  He claimed he loved this child who, by law, could not consent to sexual activity.[4]  Mr. Manzano was well-aware that MV was only 14 to 15 years old, more than half his age and just slightly older than his own daughter. Nonetheless, he chose to have a sexual relationship with this minor and then film the conduct as a reminder.  Even

---

[4] In Mr. Manzano's sentencing memorandum, the defense argues that at the time of the country's founding, "the age of consent was as low as nine years old, but typically in the range of 12 to 13 years old in the colonies. . . . The undersigned contends that statutory rape is an example, in some cases, of *malum prohibitum* rather than *malum in se*." Def.'s Sentencing Mem. at 5 n.1. The age of consent in most states is 16 years of age or higher. *See Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1573 (2017) (compiling the age of consent in every state). This age of consent addresses valid concerns. As the Connecticut Supreme Court has observed, the purpose of Connecticut's statutory rape law, which sets the age of consent at 16 years old, "is to protect victims who are thirteen, fourteen or fifteen years of age, and thus may not have the full measure of maturity to make an intelligent choice regarding sexual intercourse, from being taken advantage of by someone who, because he or she is significantly older, may be able to persuade the victim to engage in physically consensual sexual intercourse." *State v. Jason B.*, 248 Conn. 543, 553–54, *cert. denied*, 528 U.S. 967 (1999).

more disturbing is the description that MV tells of the jealousy and threatening behavior that Mr. Manzano exhibited.

The Government recognizes that Mr. Manzano has no criminal history and there is nothing to suggest that he engaged in such behavior with other minors. Nor is there any evidence that he distributed the video he filmed of MV.  Mr. Manzano appears to be gainfully employed, he has the love and support of his family, and he is a devoted father to his own children. These are circumstances that the Court should consider as part of the 3553(a) analysis. However, there still remains a need to protect the public from Mr. Manzano, who willingly engaged in a sexual relationship with a minor, and to deter him from engaging in such conduct in the future.  This danger and need to protect the public warrants not only a sentence of imprisonment, but also a lengthy period of supervised release to ensure he does not return to this behavior after his release from prison.  Finally, there is also a need for general deterrence and promoting respect for the law so that others are deterred from engaging in similar conduct. Accordingly, the Government respectfully asks the Court to impose a sentence of imprisonment of at least five years followed by a period of supervised release of at least five years.

## IV.     VICTIM NOTIFICATION AND RESTITUTION

The Government has notified MV about the upcoming sentencing hearing and her rights under the Crime Victim Rights Act.  In addition, under 18 U.S.C. § 2259, a district court is required to award restitution to MV.  However, to date, the Government has not received a victim impact statement from MV or a request for restitution. Accordingly, the Government is not seeking a restitution order at this time.

**V.     CONCLUSION**

For the reasons stated above, the Government respectfully asks the Court to impose a just and appropriate sentence of imprisonment followed by a period of supervised release of at least five years.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*
_____
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:    (203) 821-3700
Email: neeraj.patel@usdoj.gov

NANCY V. GIFFORD
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No.: ct16324
450 Main Street
Hartford, CT 06103
Tel.: (860) 947-1101
Email: Nancy.gifford@usdoj.gov

CERTIFICATE OF SERVICE

   I hereby certify that on June 20, 2022, a copy of the foregoing Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

              */s/ Neeraj N. Patel*
              Neeraj N. Patel
              Assistant United States Attorney